804 P.2d 411

**Timothy D. SINGER,
Claimant–Appellant,**

v.

**FURR'S, INC., d/b/a Safeway No. 939,
Respondent–Appellee.**

**No. 12564.**

Court of Appeals of New Mexico.

Nov. 13, 1990.

Carl Schmidt, Albuquerque, for claimant-appellant.

Kathleen C. Horan, Kimberly A. Franklin, Hatch, Beitler, Allen & Shepherd, P.A., Albuquerque, for respondent-appellee.

OPINION

MINZNER, Judge.

Claimant appeals the order of the workers' compensation judge dismissing his claim for benefits. The order was filed June 28, 1990. Claimant's notice of appeal was filed with the Workers' Compensation Division (division) on July 17, 1990, within thirty days of the filing of the order. The notice of appeal was not timely filed with this court. *See* SCRA 1986, 12–601(B) (Cum.Supp.1990). Our calendar notice proposed summary dismissal. Both claimant and employer have filed responses to the calendar notice. For the reasons that follow, we dismiss claimant's appeal.

The calendar notice proposed dismissal because claimant's notice of appeal was filed with the division instead of this court. Appeals from orders of administrative agencies are "taken by filing a notice of appeal or complaint on appeal with the appellate court clerk." *Id.* In *Lowe v. Bloom,* 110 N.M. 555, 798 P.2d 156 (1990), the supreme court held that SCRA 1986, 12–202 includes both place-of-filing and content requirements for notices of appeal. In *Lowe,* the appellant's timely filing of a notice of appeal in the appellate court instead of the district court, as required by Rule 12–202(A), deprived the supreme court of jurisdiction. *Lowe* overruled *Martinez v. Wooten Construction Co.,* 109 N.M. 16, 780 P.2d 1163 (Ct.App.1989), to the extent *Martinez* could "be read to suggest that failure to substantially comply with the requirements of Rule 12–202(A) results merely in a technical deficiency rather than a jurisdictional one." *Lowe v. Bloom,* 110 N.M. at 556, 798 P.2d at 157. In *Martinez,* this court held that the im-

proper filing of a notice of appeal with the division instead of this court was a technical deficiency when the notice was timely filed.

Claimant argues the supreme court intended that *Lowe* be limited to appeals initiated pursuant to Rule 12–202(A), and that his failure to file the notice of appeal in the correct tribunal was merely a technical deficiency. *See* SCRA 1986, 12–312(C). He contends that *Lowe* should not be read to mean that the failure to follow the place-of-filing requirements of Rule 12–601(B) results in jurisdictional error. However, in overruling *Martinez*, the supreme court noted that "certiorari never was sought in the *Martinez* case and that the court of appeals summarily ruled against the appellant on the merits." *Lowe v. Bloom,* 110 N.M. at 556, 798 P.2d at 157. This suggests that the supreme court would have applied the holding in *Lowe* to the facts in *Martinez* had certiorari been applied for. We believe the teaching of *Lowe* is that notices of appeal must be timely filed in the correct tribunal. *See also Dona Ana Sav. & Loan Ass'n, F.A. v. Mitchell,* N.M. (Ct. App.1990) (No. 12,051). We see no indication in *Lowe* that it was not meant to apply to appeals arising under Rule 12–601.

Finally, claimant contends that workers' compensation appeals should be treated differently than other appeals, citing the rule of liberal construction. We do not view this distinction as a basis for exempting workers' compensation appeals from the jurisdictional requirements of Rule 12–601(B), and claimant has not cited any authority directly supporting this contention. *See In re Adoption of Doe,* 100 N.M. 764, 676 P.2d 1329 (1984). Moreover, the rule of liberal construction in workers' compensation cases has been abolished. *See* NMSA 1978, § 52–5–1 (Cum.Supp.1990).

We are compelled to conclude that claimant's failure to comply with the place-of-filing requirement of Rule 12–601(B) deprives this court of jurisdiction. *See Lowe v. Bloom.* Accordingly, we dismiss the appeal.

IT IS SO ORDERED.

ALARID, J., concurs.

CHAVEZ, J., dissents.

CHAVEZ, Judge (dissenting).

I respectfully disagree with extending the SCRA 1986, 12–202 holding in *Lowe v. Bloom,* 110 N.M. 555, 798 P.2d 156 (1990) to the SCRA 1986, 12–601 holding in the present case, for many of the same reasons already given in Justice Montgomery's dissent in *Lowe.*