# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2010-NMSC-034

Filing Date: June 24, 2010

Docket No. 31,374

CHERYL SCHULTZ on behalf of
KEVIN SCHULTZ (deceased),

Worker-Petitioner,

v.

POJOAQUE TRIBAL POLICE DEPARTMENT,
and NEW MEXICO MUTUAL CASUALTY COMPANY,

Employer-Insurer-Respondents.

ORIGINAL PROCEEDING ON CERTIORARI
Helen L. Stirling, Workers' Compensation Judge

George Wright Weeth
Albuquerque, NM

for Petitioner

Riley & Shane, P.A.
Richard J. Shane
Kristin J. Dalton
Albuquerque, NM

for Respondents

## OPINION

**MAES, Justice.**

{1} Cheryl Schultz (Petitioner) filed a workers' compensation complaint for medical benefits and survivor benefits on behalf of her deceased husband, Kevin Schultz (Worker). The Workers' Compensation Judge (WCJ) denied Petitioner's claims and Petitioner appealed. Four days before the filing deadline, Petitioner mailed her notice of appeal from Albuquerque to the Court of Appeals, but the notice of appeal was filed two days after the filing deadline. The WCJ granted Petitioner's unopposed motion for an extension of time to file a notice of appeal. The Court of Appeals dismissed Petitioner's appeal as untimely because the WCJ did not have authority to grant an extension of time, and there was no showing of excusable neglect or events beyond the control of Petitioner that would justify extending the time to file the appeal. We conclude that the WCJ did not have authority to grant an extension of time, but that Petitioner's late filing was excusable in this case because

1

it was due to a delay in the mail that was outside Petitioner's control. Accordingly, we remand to the Court of Appeals to review the merits of Petitioner's appeal.

## I.     FACTS AND PROCEDURAL HISTORY

**{2}**     Worker was a police officer for the Pojoaque Tribal Police Department (Employer), which is insured by the New Mexico Mutual Casualty Group (Insurer).  He drowned while rescuing a child who had fallen into the Rio Grande during an outing with a church group near Pilar, New Mexico.

**{3}**     Petitioner filed a workers' compensation complaint for medical benefits and survivor benefits against Employer and Insurer.  The WCJ denied Petitioner's claims on two grounds. First, the WCJ found that Petitioner's claims were barred, because "[t]he statute of limitations [had] run without reasonable excuse or because of misleading conduct on the part of Employer or Insurer."  Second, the WCJ found that "Worker's accident did not arise out of his employment with Employer; it was not within the course and scope of his employment, and was not caused by a risk incident to his employment."  The WCJ entered her final order denying Petitioner's claim on March 14, 2008.  Accordingly, the deadline for filing a notice of appeal with the Court of Appeals was Monday, April 14, 2008.  Rule 12-601(B) NMRA ("Direct appeals from orders, decisions or actions of boards, commissions, administrative agencies or officials shall be taken by filing a notice of appeal with the appellate court clerk . . . within thirty (30) days from the date of the order, decision or action appealed from."); *see also* Rule 12-308(A) NMRA ("In computing any period of time prescribed or allowed by these rules, by order of court or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included unless it is a Saturday, Sunday or a legal holiday . . . in which event the period runs until the end of the next day which is not one of the aforementioned days.").

**{4}**     Petitioner mailed her notice of appeal from Albuquerque to the Court of Appeals's post office box in Santa Fe on April 10, 2008, via certified mail with the United States Postal Service (USPS).  According to the USPS tracking report, on April 15, 2008, the Court of Appeals received a USPS notification card in its post office box indicating that the Court had received a package.  The notice of appeal was delivered and filed in the clerk's office on April 16, 2008, two days after the filing deadline.

**{5}**     On April 17, 2008, Petitioner filed an unopposed motion for an extension of time to file her notice of appeal with the WCJ.  The WCJ granted Petitioner an extension of time to file the notice of appeal pursuant to Rule 12-201(E)(2) NMRA, which provides that the district court may extend the time for filing "upon a showing of excusable neglect or circumstances beyond the control of the appellant."  Petitioner then filed her Docketing Statement with the Court of Appeals on May 14, 2008.

**{6}**     The Court of Appeals assigned the appeal to the summary calendar pursuant to Rule 12-210(D) NMRA and proposed summary dismissal, because the appeal was not filed in the Court of Appeals within the thirty-day time period and no enforceable extension was granted.  The Court of Appeals concluded in its proposed disposition  that the WCJ's extension of time was not enforceable because "Rule 12-601(C) clearly states that 'any request for extension of time must be made to the appellate court.'"  In response, Petitioner argued that Rule 12-201(E)(2), which permits a district court to grant an extension of time to file a notice of appeal, also gave the WCJ authority to grant an extension of time.

2

Alternatively, Petitioner argued that the Court of Appeals should exercise its discretion to grant the appeal, because "the facts show [Petitioner's] reasonable diligence to file the appeal on time, and that the delay was caused by excusable neglect and factors beyond her control."

**{7}** In an unpublished memorandum opinion, the Court of Appeals concluded that it had "no sound basis" on which to exercise jurisdiction over Petitioner's appeal. *Schultz v. Pojoaque Tribal Police Dep't*, No. 28,508, slip op. at 9 (N.M. Ct. App. Sep. 23, 2008). Addressing Petitioner's arguments, the Court first held that the appeal was not timely filed within thirty days as required by Rule 12-601(B). *Id.* at 3. Second, the Court held that the WCJ lacked authority to grant an extension of time to file under Rule 12-601(C). *Id.* at 3-4. Finally, the Court determined that "[n]othing in the record indicate[d] a showing of excusable neglect or events beyond the control of [Petitioner] that would justify extending the time to file the appeal." *Id.* at 7-8. The Court noted that Petitioner "could have personally filed the notice of appeal in the Albuquerque or Santa Fe offices and she could have requested an extension from the proper tribunal." *Id.* at 7. Therefore, the Court "dismiss[ed] for an untimely appeal." *Id.* at 9.

**{8}** We granted Petitioner's writ of certiorari pursuant to NMSA 1978, Section 34-5-14(B) (1972) and Rule 12-502 NMRA. *Schultz v. Pojoaque Tribal Police Dep't*, 2008-NMCERT-011, 145 N.M. 532, 202 P.3d 125.

## II.    DISCUSSION

### A.    Whether the WCJ Had Authority to Grant an Extension of Time to File a Notice of Appeal

**{9}** We first address whether the WCJ had authority to grant Petitioner's motion for an extension of time to file her notice of appeal. Within the Rules of Appellate Procedure, there are two sets of rules that address how appeals should be made to appellate courts. Rules 12-201 to 12-216 NMRA govern appeals from the district court and Rules 12-601 to 12-608 NMRA govern appeals from special proceedings, including proceedings before administrative agencies. Rule 12-601(C), which governs appeals taken from administrative agencies, states:

> Whenever in these rules a duty is to be performed by, service is to be made upon, or reference is made to the district court or a judge or clerk of the district court, the board, commission, administrative agency or official whose action is appealed from shall be substituted for the district court or a judge or clerk of the district court, *except that any request for extension of time must be made to the appellate court*.

(Emphasis added.) In contrast, Rule 12-201(E)(2), which governs appeals taken from the district court, states:

> After the time has expired for filing a notice of appeal, upon a showing of excusable neglect or circumstances beyond the control of the appellant, *the district court may extend the time for filing a notice of appeal by any party* for a period not to exceed thirty (30) days from the expiration of time otherwise provided by this rule, but it shall be made upon motion and notice to all parties.

3

(Emphasis added.) Thus, whereas Rule 12-201(E)(2) gives the district court, as the lower tribunal, authority to extend the time for filing a notice of appeal, Rule 12-601(C) expressly divests the administrative agency of that authority and gives the Court of Appeals that authority.

**{10}** Petitioner argues that "[t]he supreme court should take this opportunity to eliminate the confusion created by Rule 12-601 and declare that workers' compensation benefits cases (where the legislature has provided a direct appeal to the court of appeals) will be decided under the same rules as appeals from district courts." To address Petitioner's claim, we must determine whether the appellate rules for the district courts or for administrative agencies apply to requests for extensions of time to file a notice of appeal challenging a decision made by the Workers' Compensation Administration (WCA). We review de novo the question of whether a lower court has authority to grant an extension of time for filing a notice of appeal. *Chavez v. U-Haul Co. of N.M.*, 1997-NMSC-051, ¶ 13, 124 N.M. 165, 947 P.2d 122. If authority exists, we uphold the extension absent an abuse of discretion. *Id.* ¶ 26.

**{11}** In support of her argument that the WCJ had authority pursuant to Rule 12-201(E)(2) to grant her an extension of time to file a notice of appeal, Petitioner relies on NMSA 1978, Section 52-5-8(B) (1989) of the Workers' Compensation Act, which provides that a decision by a WCJ is "reviewable by the court of appeals in the manner provided for other cases." Petitioner interprets this provision to mean that a WCJ decision should be governed by the district court rules, and thus Rule 12-201(E)(2) provides a WCJ, as the lower tribunal, authority to grant an extension of time to file a notice of appeal. Petitioner argues that applying Rule 12-601(C) to a WCJ decision is inconsistent with Section 52-5-8(B), and has been a recurring source of confusion for workers' compensation practitioners. *See* Rule 12-601 (providing that motions to extend must be made to the appellate court).

**{12}** We disagree. We have consistently applied the appellate rules contained in Rule 12-601 to the WCA. *See, e.g., Maples v. State*, 110 N.M. 34, 36, 791 P.2d 788, 790 (1990) ("Supreme Court Rule 12-601 is the controlling rule in appeals from Workers' Compensation actions."); *Singer v. Furr's, Inc.*, 111 N.M. 220, 221, 804 P.2d 411, 412 (Ct. App. 1990) (determining that the claimant in a workers' compensation case failed to comply with Rule 12-601(B)). Consequently, Petitioner was on notice that 12-601(C), which clearly states that "any request for extension of time must be made to the appellate court," was the controlling rule. Additionally, none of the cases upon which Petitioner relies addresses the issue raised in this case regarding the proper entity in which to file an *extension of time* for filing a notice of appeal. *See, e.g., Mieras v. Dyncorp*, 122 N.M. 401, 404, 925 P.2d 518, 521 (Ct. App. 1996) (holding that a notice of appeal filed in the correct tribunal but with the wrong caption was properly filed); *Brewster v. Cooley & Assocs.*, 116 N.M. 681, 684, 866 P.2d 409, 412 (Ct. App. 1993) (holding that Rule 12-601(B) only requires that an appellant serve the WCA with a copy of his notice of appeal to the Court of Appeals); *Tzortzis v. County of Los Alamos*, 108 N.M. 418, 773 P.2d 363 (Ct. App. 1989) (time limit for filing a notice of appeal runs from the date of the order pursuant to Rule 12-601(A), not mailing of that order as provided by statute).

**{13}** In her reply brief, Petitioner further argues that in *Bianco v. Horror One Productions,* 2009-NMSC-006, 145 N.M. 551, 202 P.3d 810, we decided that the procedure for taking appeals from a decision by a WCJ is exactly the same as taking appeals from a district court judgment, and therefore a WCJ has authority to grant extensions of time to file a notice of appeal. Thus, Petitioner claims that Rule 12-201 applies to appeals from a WCJ decision and

4

that the words "workers' compensation judge" should take the place of "district court" throughout that rule.

**{14}** Petitioner construes *Bianco* too broadly, and ignores its underlying principle. In *Bianco* the issue was whether NMSA 1978, Section 39-1-1 (1953), which provides for retention of jurisdiction in the district court for a period of thirty days to rule on post-judgment motions, and Rule 12-201(B), which provides that the time for filing a notice of appeal does not begin to run until the express denial of such motions, apply to workers' compensation cases. 2009-NMSC-006, ¶¶ 1,5. Because Rule 12-601 does not comment on the time for filing an appeal subsequent to a post-judgment motion under Section 39-1-1, we held that Rule 12-201(B) applies, and therefore the appellant's notice of appeal was timely. *Bianco*, 2009-NMSC-006, ¶ 12. This application of Rule 12-201 is consistent with other workers' compensation cases, holding that when rules governing appeals from the WCA have no provision on point, it is proper to look to the rules governing district courts for guidance. *See Maples*, 110 N.M. at 35-36, 791 P.2d at 789-90 (applying provisions from both Rule 12-201 and Rule 12-601 to a workers' compensation case); *see also Rodriguez v. McAnally Enters.*, 117 N.M. 250, 252, 871 P.2d 14, 16 (Ct. App. 1994) (deciding that Rule 12-201(A), which specifically governs cross-appeals, was controlling when Rule 12-601 provided no provision that was directly on point). In the present case, however, Rule 12-201 and Rule 12-601 cannot be read harmoniously; therefore, we apply Rule 12-601, since it was specifically created to govern appeals from administrative agencies. *See Thompson v. Dehne*, 2009-NMCA-120, ¶ 16, 147 N.M. 283, 220 P.3d 1132 (stating that where two "provisions cannot be harmonized, the specific section governs over the general" (internal quotation marks and citation omitted)).

**{15}** Accordingly, we hold that pursuant to Rule 12-601, a WCJ lacks authority to grant extensions of time for notices of appeal.

## B. Whether Petitioner's Untimely Filing of Her Notice of Appeal Should Have Been Excused

**{16}** Petitioner argues that the New Mexico appellate courts should adopt a rule of substantial compliance, which would require the Court of Appeals to consider her notice of appeal on the merits, because she made substantial efforts to comply with the filing requirements. Petitioner mailed her notice of appeal four days prior to the deadline; however, it was not received by the Court of Appeals until two days after the deadline. She claims that receipt in Santa Fe from Albuquerque could reasonably be anticipated within three days and that various New Mexico rules support her argument. *See* Rules 1-006(D), 2-104(D), 3-104(D), 12-308(B) NMRA (providing "[a]dditional time after service by mail"). She therefore urges us to establish a rule of substantial compliance, under which a notice of appeal mailed at least three days prior to the filing deadline will automatically be granted.

**{17}** The rules governing appeals from administrative agencies do not address whether a three-day mailing rule applies to the filing of notices of appeal. Therefore, we look to the rules governing appeals from district courts for guidance. *See supra* Part II.A. Rule 12-201(A)(2) explicitly provides that "[t]he three (3) day mailing period set forth in Paragraph B of Rule 12-308 NMRA does not apply to the time limits" for filing notices of appeal.

**{18}** We decline to adopt a rule of substantial compliance, because the appropriate inquiry for determining if a court can exercise its "discretion and entertain an appeal even though

it is not timely filed" is whether "unusual circumstances beyond the control of the parties" are present. *Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994). *See also Chavez*, 1997-NMSC-051, ¶ 22 (determining that though the district court's extension of time was invalid, there were "unusual circumstances" that warranted excusing the late filing). In the present case, the Court of Appeals did not excuse Petitioner's untimely filing of her notice of appeal, because "[t]here [was] no evidence of judicial error under the facts of [Petitioner's] appeal, and the late filing of the appeal was entirely under her control." *Schultz*, No. 28,508, slip op. at 7.

**{19}** We review "[a] court's decision not to excuse a party's failure to file a timely appeal . . . applying an abuse of discretion standard." *Trujillo*, 117 N.M. at 276, 871 P.2d at 372. In considering this issue, we also note that "it is this Court's policy to construe both statutes and court rules in favor of deciding an appeal on the merits whenever possible." *Lovelace Med. Ctr. v. Mendez*, 111 N.M. 336, 339, 805 P.2d 603, 606 (1991). In particular, notices of appeal, even where technically defective, should be liberally construed to allow consideration of the case on the merits. *See In re Application No. 0436-A Into 3841 (Sleeper v. Ensenada Land & Water Ass'n)*, 101 N.M. 579, 581, 686 P.2d 269, 271 (Ct. App. 1984) (the reviewing court favors the interpretation which permits a review on the merits). This principle is derived from the New Mexico Constitution, which provides that "an aggrieved party shall have an absolute right to one appeal." N.M. Const., art. VI, § 2. In *Trujillo*, we reaffirmed our commitment to the principle that our rules should "expedite rather than hinder this right," while acknowledging that the right to an appeal must be balanced with "the need for the efficient administration of justice." 117 N.M. at 276, 871 P.2d at 372. We concluded that

> [p]rocedural formalities should not outweigh basic rights where the facts present a marginal case which does not lend itself to a bright-line interpretation. Where ... there are two possible interpretations relating to the right to an appeal, that interpretation which permits a review on the merits rather than rigidly restricting appellate review should be favored.

*Id.* (internal quotation marks and citations omitted). Thus, the decision to dismiss an appeal is extreme and must be determined on a case-by-case basis. *Olguin v. State*, 90 N.M. 303, 305, 563 P.2d 97, 99 (1977).

**{20}** In the consolidated *Chavez* case we addressed whether there were any unusual circumstances that warranted considering the appeals of two petitioners, Chavez and Jones, neither of which was filed in a timely manner. 1997-NMSC-051, ¶¶ 1-2. In Chavez's case, we determined that although the district court's extension of time was invalid, there were "unusual circumstances" that warranted excusing the late filing. *Id.* ¶¶ 15, 22. Chavez, representing himself pro se, faxed the notice of appeal fifty-eight minutes late. On these facts, we determined that if the notice of appeal was untimely it was only marginally so, and thus "the right to an appeal outweigh[ed] the need for the efficient administration of justice." *Id.* ¶¶ 21-22. On the other hand, in Jones's case, we determined that his late filing of the notice of appeal could not be excused because it was thirty days late, and Jones cited no unusual circumstances that would excuse his untimely filing. *Id.* ¶¶ 23, 25.

**{21}** The present case is closer to Chavez's case than to Jones's. Petitioner's notice of appeal was mailed from Albuquerque to the Court of Appeals in Santa Fe via certified mail four days before the filing deadline, yet it was not filed by the Court of Appeals until two days after the filing deadline. Like the delay in Chavez's case, this delay was only marginal.

6

Further, Petitioner reasonably anticipated that if she mailed her notice of appeal from Albuquerque to Santa Fe via the USPS, that it would arrive within four days. The unexpected delay that occurred in this case was caused by the USPS and thus constituted an unusual circumstance outside Petitioner's control. Under the circumstances, to deprive Petitioner of her constitutional "absolute right to one appeal" because of a mailing delay would frustrate the intent of our court rules and undermine our responsibility to "expedite rather than hinder this right." *Trujillo*, 117 N.M. at 276, 871 P.2d at 372.

**{22}** Other state courts have similarly found that a delay in the mail warrants excusing an untimely filing of a notice of appeal. For instance, in *Bosler v. Morad*, the Supreme Court of Wyoming excused the appellant's late filing by one day, concluding that he acted as a reasonably prudent person would in relying on his belief, based on prior experience, that the mail from Laramie to Casper would take less than two days to arrive. 555 P.2d 567, 570 (Wyo. 1976). Additionally, federal courts have noted that the late filing of a notice of appeal may be excused due to an unexpected mail delay. *See Scarpa v. Murphy*, 782 F.2d 300, 301 (1st Cir. 1986) ("There was no mistake by counsel, excusable or otherwise. Rather, there was inexcusable neglect by the Post Office to take more than five days . . . to transmit an adequately addressed letter three miles, and no basis for charging counsel for failing to think that more might be needed."); *Md. Cas. Co. v. Conner*, 382 F.2d 13, 16 (10th Cir. 1967) ("[T]here are a number of other situations in which tardiness is excusable and in which it is unfair to dismiss an appeal because of late filing of the notice. The most obvious example, perhaps, is undue delay in the mails resulting from a severe snow storm, or perhaps even from an unexpected swamping of the Post Office Department . . . ."). *See also United States v. Reyes*, 759 F.2d 351, 354 (4th Cir. 1985) (holding that a mailing delay constituted excusable neglect).

**{23}** Employer/Insurer argues that *Wilson v. Massachusetts Mutual Life Insurance Co.*, 2004-NMCA-051, 135 N.M. 506, 90 P.3d 525, a case in which certiorari was never sought, is controlling, and thus, as occurred in that case, Petitioner's untimely appeal should be dismissed. In *Wilson*, the Court of Appeals held that the State of Texas's notice of appeal, sent by United Parcel Service second day air overnight package and arriving five days later to the Court, missing the deadline by one day, was untimely because it did not involve unusual circumstances outside of the party's control:

> Here, Texas' counsel had options available to her that she did not pursue, such as following up on the UPS delivery and/or filing the notice by fax. We will not extend the exception to late filing to circumstances like this, where the court played no part in the delay and where options available to the appellant to ensure timely filing of the notice were not taken. Therefore, we dismiss the Texas appeal as untimely.

*Id.* ¶ 12. Though the circumstances of the late filing in *Wilson* were similar to the present case, we opine that the Court of Appeals struck the wrong balance between the right to an appeal and the need for efficient administration of justice. The Court of Appeals failed to excuse the petitioner's late filing in part because "the court played no part in the delay." *Id.* We note, however, that "error on the part of the court" is merely cited as an example of "unusual circumstances beyond the control of the parties," but it is not the only ground upon which a court can excuse a late notice of appeal. *Chavez*, 1997-NMSC-051, ¶ 19. In *Chavez*, for example, we excused the petitioner's marginal late filing even in the absence of court error. *Id.* ¶¶ 21-22. In addition, the Court of Appeals in *Wilson* suggested that the petitioner's reliance on the timeliness of the courier was misplaced. 2004-NMCA-051, ¶ 11.

7

We conclude, however, that a petitioner reasonably may rely on his or her own knowledge and experience, as well as the representations of the mail or courier service, regarding a document's expected date of arrival. Even though the mail is occasionally delayed, it would be unreasonable for us to require petitioners to anticipate unreasonable or excessive delays in delivery. *Bosler*, 555 P.2d at 570. Moreover, it would be unreasonable for us to expect, as the Court of Appeals suggests, that appellants should file using all available delivery options to prepare for the eventuality that one of those methods might not prove effective. Therefore, we overrule *Wilson.*

**{24}** We generally favor a case-by-case analysis of the facts to determine whether a late filing is attributable to excusable neglect. *Capco Acquisub, Inc. v. Greka Energy Corp.*, 2007-NMCA-011, ¶ 27, 140 N.M. 920, 149 P.3d 1017 ("Whether an appellant's conduct amounts to excusable neglect will depend on the facts and circumstances of each case."); *see also Sunwest Bank v. Roderiguez*, 108 N.M. 211, 214, 770 P.2d 533, 536 (1989) (holding that courts should analyze claims of excusable neglect based on the circumstances of each case). However, considering that mail delays, more often than not, are outside of a petitioner's control and, as we have stated, petitioners filing notices of appeal are not required to anticipate unusually long delays in the mail, we conclude that to individually determine whether each and every mailing delay constitutes excusable neglect would be an inefficient use of the court's time and resources. Thus, we refer this matter to the Appellate Rules Committee to consider adopting a reasonable grace period for unexpected delays in the mail.

## III.    CONCLUSION

**{25}** We conclude that pursuant to Rule 12-601(C) the WCJ did not have authority to grant Petitioner's request for an extension of time. However, we also conclude that the Court of Appeals abused its discretion in failing to excuse Petitioner's late filing since it was due to an unanticipated mailing delay that was outside the control of Petitioner. Therefore, we remand this case to the Court of Appeals to consider Petitioner's appeal on the merits.

**{26}    IT IS SO ORDERED.**

_____
**PETRA JIMENEZ MAES, Justice**

**WE CONCUR:**

_____
**CHARLES W. DANIELS, Chief Justice**

_____
**PATRICIO M. SERNA, Justice**

_____
**RICHARD C. BOSSON, Justice**

**EDWARD L. CHÁVEZ, Justice** (concurring in part and dissenting in part)

**CHÁVEZ, Justice (concurring in part and dissenting in part).**

8

**{26}** I agree with the majority that the Worker's Compensation Judge did not have authority to grant an extension of time within which to file a notice of appeal with the Court of Appeals. I also agree that we should not adopt a substantial compliance rule in this case. However, because the relevant appellate rules are unambiguous and they clearly provide that filing of the notice of appeal by mailing is not complete until it is actually received by the appellate court, I would affirm the Court of Appeals and dismiss the appeal. I therefore respectfully concur in part and dissent in part.

**{27}** Our system of justice will work better if we enforce unambiguous rules. When we decline to enforce unambiguous rules, we signal that it is not important for the lower courts to enforce such rules. When courts decline to enforce rules, litigants do not see the need to follow the rules. We must be disciplined enough to write what we mean and mean what we write.

**{28}** Although I recognize that unusual circumstances may excuse strict compliance with certain rules, particularly when the rule is subject to more than one interpretation as in *Trujillo v. Serrano*, 117 N.M. 273, 276, 871 P.2d 369, 372 (1994), the relevant rules in this case are not ambiguous. Indeed, this Court went out of its way in writing its appellate rules to make clear to lawyers that when it comes to filing the notice of appeal, they should not rely on the mail. Rule 12-307(A) NMRA unequivocally states that "[f]iling by mail is not complete until actual receipt." This Court emphasized in Rule 12-201(A) NMRA, which describes the procedure for filing a notice of appeal, that "[t]he three (3) day mailing period set forth in Paragraph B of Rule 12-308 NMRA does not apply to the time limits" for filing a notice of appeal. It could not be clearer: Do not rely on the mail for filing a notice of appeal. Why? Because if it is not received by the due date, the fact that you put it in the mail on time will not be an acceptable excuse.

**{29}** If the rules were not already clear enough, in 2004 the Court of Appeals issued its opinion in *Wilson v. Massachusetts Mutual Life Insurance Co.*, 2004-NMCA-051, ¶¶ 11-12, 135 N.M. 506, 90 P.3d 525, holding that delays in a UPS delivery would not be considered an unusual circumstance to excuse the late filing of a notice of appeal. The Court of Appeals had every right to believe that when we wrote specific language indicating that filing by mail is not complete until it is actually received, we would not accept as an excuse the plea "the notice was in the mail." Rules 12-307 and 12-201 are not ambiguous and they are not new: They were drafted in 1989.

**{30}** For at least two decades, New Mexico appellate courts have tried to make it clear that the timely filing of a notice of appeal is more than a mere technicality. Following the Court of Appeals decision in *Martinez v. Wooten Construction Co.*, 109 N.M. 16, 780 P.2d 1163 (Ct. App. 1989) (a petition for writ of certiorari was not filed), this Court was quick to reaffirm this State's well-established case law in *Lowe v. Bloom* that failure to file within the time frame allotted by rule and with the appropriate tribunal each independently create jurisdictional error: "We follow the majority rule." 110 N.M. 555, 556, 798 P.2d 156, 157 (1990) ("[W]e are persuaded that the very concept of a timely filing (Rule 12-201) includes the concept that the party has substantially complied with applicable place-of-filing requirements[.]" (citation omitted)). In *Lowe*, this Court determined that mailing a notice of appeal to the wrong location–to the district judge instead of the clerk of the district court–"did not transform a jurisdictional defect into a technical one." *Id.* The Court of Appeals subsequently applied the *Lowe* holding to Rule 12-601 NMRA as well, inferring that *Lowe*'s express overruling of *Martinez*, which was a workers' compensation case, indicated this Court's intent to apply the *Lowe* holding to Rule 12-601 as well as to Rule 12-

9

202 NMRA. *Singer v. Furr's, Inc.*, 111 N.M. 220, 220-21, 804 P.2d 411, 411-12 (Ct. App. 1990) (holding that a notice of appeal from WCA that was filed with WCA, not Court of Appeals, was not timely filed). "[N]otices of appeal must be timely filed in the correct tribunal." *Id.* at 221, 804 P.2d at 412 (citing *Lowe*, 110 N.M. at 556, 798 P.2d at 157).

**{31}** Even in his eloquent and persuasive dissent, parts of which have now been incorporated into this Court's precedent on notice of appeal defects, Justice Montgomery acknowledged, and even emphasized, the importance of timing. "[F]rom the many cases holding that timely filing of the notice is jurisdictional one can glean that it is a *very* important requirement. . . . [T]he appellate courts in this state, as in all or most other jurisdictions, have treated this step as of very great–i.e., jurisdictional–consequence." *Lowe*, 110 N.M. at 557, 798 P.2d at 158 (Montgomery, J., dissenting) ("[I]t gives notice to the court, the opposing party and anyone else who needs it that the appellate process is underway."). As long as the notice of appeal was filed timely, Justice Montgomery argued that "[n]o similar consequence would seem to attach to the filing of the notice with the" wrong tribunal. *Id.* (because "when notice of the filing is given to the other people mentioned in Rules 12-202(D) and (E), [requiring notice to be filed with the clerk of the district court] does not seem to serve any great jurisdictional objective.").

**{32}** Partly in response to Justice Montgomery's dissent, this Court modified its stern approach to hold that the timing issue is not so much jurisdictional as it is *mandatory*: "It is probably imprecise to say we cannot exercise such discretion." *Govich v. North American Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991) (appeal was timely and filed in the proper tribunal and noting that "we properly should refer hereafter to the mandatory sections of our rules of appellate practice as 'mandatory' and discard the term 'jurisdictional' that has been used over time by most federal and state courts to describe a mandatory precondition to the exercise of jurisdiction"); *see also Executive Sports Club, Inc. v. First Plaza Trust*, 1998-NMSC-008, ¶ 4, 125 N.M. 78, 957 P.2d 63 ("[T]he timely filing of a notice of appeal is a mandatory precondition to the exercise of jurisdiction, rather than an absolute jurisdictional requirement." (internal quotation marks, alterations, and citation omitted)).

**{33}** In *Govich*, this Court held that "[t]he policies in this state, and the purpose of the rule, are vindicated if the intent to appeal a specific judgment fairly can be inferred from the notice of appeal and if the appellee is not prejudiced by any mistake." *Id.*, 112 N.M. at 230, 814 P.2d at 98. By inference, therefore, it is probably fair to say that untimely filing of notices of appeal is prejudicial, given the mandatory, if not jurisdictional, nature of the prerequisite. In this case, it could be prejudicial to Respondents to grant the extension because of its untimeliness.

**{34}** Subsequently in *Trujillo*, 117 N.M. at 275, 871 P.2d at 371, this Court made a rare exception to the mandatory rule for timely filing of a notice of appeal when the tardiness was due entirely to court error. *Id.* ("We conclude that there is no jurisdictional bar to hear the appeal if the notice was late because of court error."). We stated that given the importance of the constitutional right to one appeal, the proper inquiry is "whether there are unusual circumstances under which a trial court should entertain an untimely notice of appeal." *Id.* at 276, 871 P.2d at 372 ("As we have previously stated, '[i]t is the policy of this court to construe its rules liberally to the end that causes on appeal may be determined on the merits, where it can be done without impeding or confusing administration or perpetrating injustice.'" (citation omitted)). This Court held that "[p]rocedural formalities should not outweigh basic rights [but only] where the facts present a marginal case which does not lend itself to a bright-line interpretation." *Id.* The Court reiterated the notion that "'Where . . .

10

there are two possible interpretations relating to the right to an appeal, that interpretation which permits a review on the merits rather than rigidly restricting appellate review should be favored.'" *Id.* (quoting *Maples v. State*, 110 N.M. 34, 42, 791 P.2d 788, 796 (1990) (Montgomery, J., dissenting)).

**{35}** These rules excusing untimeliness, however, have never been applied to grant leniency in situations where a party allegedly simply misread a rule or never filed a request for an extension to file a notice of appeal in the proper tribunal, as is the case before us. Rather, it is only "under unusual circumstances" that a court may "use its discretion and entertain an appeal even though it is not timely filed." *Trujillo*, 117 N.M. at 278, 871 P.2d at 374. This is because

> [i]t is incumbent upon the parties to strictly adhere to our clearly articulated rules of procedure. Procedural rules do nothing if they do not establish uniformity upon which all participants in the legal system can rely. Only the most unusual circumstances beyond the control of the parties–such as error on the part of the court–will warrant overlooking procedural defects.

*Id.*

**{36}** The majority's reliance on cases from Wyoming and the federal courts is misplaced. Those jurisdictions do not have rules that make it clear that a filing by mail is not complete until it is actually received. Our rules provide the very obstacle under discussion to finding unusual circumstances in this case.

**{37}** The conflict between our rules and the majority opinion is best illustrated by the following quotation from paragraph 23 of the majority opinion:

> Further, Petitioner reasonably anticipated that if she mailed her notice of appeal from Albuquerque to Santa Fe via the USPS that it would arrive within four days. The unexpected delay that occurred in this case was caused by the USPS and thus constituted an unusual circumstance outside Petitioner's control. Under the circumstances, to deprive Petitioner of her constitutional "absolute right to one appeal" because of *a mailing delay would frustrate the intent of our court rules* and undermine our responsibility to "expedite rather than hinder this right." *Trujillo*, 117 N.M. at 276, 871 P.2d at 372.

(Emphasis added.) In my opinion, the intent of our court rules providing that (1) filing by mail is not complete until it is actually received, and (2) the three-day mailing period does not apply to the filing of a notice of appeal, is that a mailing delay will not be accepted as an unusual circumstance to excuse a late filing. Because I was not on the Court at the time Rules 12-307(A), 12-201(A), and 12-201(E)(5) were adopted, I admit that I can only speculate about the rationale for their adoption. Perhaps it was because "to individually determine whether each and every mailing delay constitutes excusable neglect would be an inefficient use of the court's time and resources." Majority opinion ¶ 26.

**{38}** For these reasons, I would affirm the Court of Appeals. The majority being of a different opinion, I respectfully dissent from Section II.B.

---

**EDWARD L. CHÁVEZ, Justice**

**Topic Index for** *Schultz v. Pojoaque Tribal Police*, **Docket No. 31,374**

| | |
|---|---|
| **AL** | **ADMINISTRATIVE LAW AND PROCEDURE** |
| AL-AA | Administrative Appeal |
| | |
| **AE** | **APPEAL AND ERROR** |
| AE-NA | Notice of Appeal |
| AE-RT | Right to Appeal |
| AE-TA | Timeliness of Appeal |
| | |
| **CP** | **CIVIL PROCEDURE** |
| CP-EN | Excusable Neglect |
| | |
| **JD** | **JURISDICTION** |
| JD-A | Appellate Jurisdiction |
| | |
| **WC** | **WORKERS COMPENSATION** |
| WC-NO | Notice |
| WC-WG | Workers' Compensation, General |