This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**BRENDA ETCHEVERRY and**
**JOHN ETCHEVERRY,**

    Plaintiffs-Appellees,

**v.**                                **No. 31,561**

**MICHAEL ALARID, JR., and**
**THE ALARID LAW FIRM, P.C.,**

    Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

Alexander A. Wold, Jr.
Albuquerque, NM

for Appellees

Camille Cordova
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendants-Appellants (Law Firm) appeal from the district court's "judgment adopting arbitration award," wherein the district court declined to consider the merits of Law Firm's appeal to the district court from the arbitration award on the basis that Law Firm did not timely appeal to the district court. Our notice proposed to affirm, and Law Firm filed a timely memorandum in opposition. We are not persuaded by Law Firm's arguments, and therefore affirm.

The parties disputed below whether the three-day mailing rule, *see* Rule 1-006(D) NMRA, is applicable to local Rule LR2-603(VI)(B)(1) NMRA (procedures for appealing an arbitration decision to district court), when the arbitrator filed the arbitration award and served Law Firm with a copy of such by mail. *See* Rule LR2-603(V)(D)(3) (requiring the arbitrator to serve copies of the arbitration award on all parties). Assuming for purposes of discussion that the three-day mailing rule is applicable, however, Law Firm nonetheless failed to timely appeal from the arbitration award.

As set forth in our notice, the arbitration award was filed on February 18, 2011. [RP 34] Law Firm appealed to the district court on March 9, 2011. [RP 36] In relevant part, LR2-603(IV)(B)(1) provides that "To exercise the right to appeal, a party must file a 'notice of appeal from arbitration' with the clerk within fifteen (15) days after the award . . . is filed." And in relevant part, the three-day mailing rule

provides: "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, three (3) days shall be added to the prescribed period." *See* Rule 1-006(D). Thus, in the present case, with the additional time after service by mail afforded by the three-day mailing, Law Firm had eighteen days in which to timely file its notice of appeal, with the time having commenced to run the day after the February 18, 2011, arbitration award was filed. In such instance, the notice of appeal needed to be filed on or before Tuesday, March 8th, eighteen days after entry of the arbitration award. *See* Rule 1-006(A)(D). Because Law Firm's appeal was not filed until March 9th [RP 36], it was untimely.

We acknowledge Law Firm's view that because the fifteenth day fell on a Saturday, the last day of such time period is instead calculated to be the following Monday, and from here an additional three days are then added based on the three-day mailing rule. [MIO 2] But, as explained in our notice, the additional three days are added up front. The prescribed period for filing a notice of appeal was fifteen days and the terms of the three-day mailing rule added three days to this prescribed period, thereby giving Law Firm eighteen days to appeal. It is only if the eighteenth day had fallen on a Saturday that Law Firm would have then been given until the following

3

Monday to file its notice of appeal. *See, e.g.*, Rule 12-308(A) NMRA (computation of time).

Moreover, we remain unpersuaded that the circumstances of this case are comparable to those addressed in *Schultz ex rel. Schultz v. Pojoaque Tribal Police Dep't*, 2010-NMSC-034, ¶¶ 21-22, 148 N.M. 692, 242 P.3d 259, wherein the Court held that a delay in the mail warranted excusing an untimely filing of a notice of appeal. [MIO 4] In the present case, assuming the three-day rule was applicable, there were no apparent unusual circumstances beyond Law Firm's control to justify the untimely notice of appeal. In this regard, we do not agree that Law Firm's incorrect interpretation of the time for filing a timely notice of appeal constituted excusable neglect.

In sum, because we agree with the district court's conclusion that Law Firm filed an untimely notice of appeal, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____

**LINDA M. VANZI, Judge**