This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ISIDRO DAVID CASAREZ,**

Worker-Appellee,

v.                                                                                          **NO. 32,198**

**SALAZAR TRUCKING, INC., and**
**STATE OF NEW MEXICO**
**UNINSURED EMPLOYERS' FUND,**

Employer/Insurer-Appellant.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Victor S. Lopez, Workers' Compensation Judge**

Dorato & Weems LLC
Derek L. Weems
Albuquerque, NM

for Appellee

Hale & Dixon, P.C.
Timothy S. Hale
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Employer/Insurer appeals from the compensation order entered on May 11, 2012. [RP 473] Employer/Insurer filed its notice of appeal in this Court on Tuesday, June 12, 2012. This Court issued a calendar notice proposing to dismiss for an untimely notice of appeal. *See* Rule 12-601(B) NMRA (providing that "[d]irect appeals from orders, decisions[,] or actions of . . . administrative agencies or officials shall be taken by filing a notice of appeal with the appellate court clerk . . . within thirty (30) days from the date of the order, decision[,] or action appealed from"); *see also Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991) (holding that the timely filing of a notice of appeal is a mandatory precondition to our exercise of jurisdiction). Employer/Insurer has filed a memorandum in opposition to this Court's proposed summary dismissal asking this Court to exercise its discretion and hear its appeal. Having given due consideration to the reasons stated in Employer/Insurer's memorandum in opposition, we dismiss.

Employer/Insurer is correct in asserting that this Court has discretion to hear an appeal if a party has failed to comply with the mandatory preconditions of a timely notice of appeal. *See Govich*, 112 N.M. at 230, 814 P.2d at 98. However, "[o]nly the most unusual circumstances beyond the control of the parties—such as error on the

part of the court—will warrant overlooking procedural defects." *Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994). Employer/Insurer does not allege unusual circumstances or circumstances beyond its control; rather, Employer/Insurer asserts that the untimely filing of its appeal was due to a miscalculation of time. [MIO 1 (stating that "[d]ue to a calendaring error, at the time Appellant filed its notice, it believed the notice was timely")]

We understand Employer/Insurer to ask this Court to consider its appeal despite the lack of unusual circumstances because the delay of one day was de minimus. [MIO 3] While we note that our Courts have previously excused de minimus delays, these delays have still been coupled with unusual circumstances. *See Schultz ex rel. Schultz v. Pojoaque Tribal Police Dep't*, 2010-NMSC-034, ¶ 21, 148 N.M. 692, 242 P.3d 259 (holding that our appellate courts should exercise its discretion to hear an appeal where the notice was filed one day late and an "unexpected delay" caused by the postal service "constituted an unusual circumstance outside [the party's] control"); *Chavez v. U-Haul Co.*, 1997-NMSC-051, ¶¶ 19-22, 124 N.M. 165, 947 P.2d 122 (holding that our appellate courts should exercise its discretion to hear an appeal where the notice was filed fifty-eight minutes late and there were unusual circumstances warranting the exercise of such discretion). Because Employer/Insurer has not alleged that unusual circumstances led to its notice of appeal being untimely,

we decline to exercise our discretion to hear its appeal. *See Schultz,* 2010-NMSC-034, ¶ 18 (declining "to adopt a rule of substantial compliance, because the appropriate inquiry for determining if a court can exercise its discretion and entertain an appeal even though it is not timely filed is whether unusual circumstances beyond the control of the parties are present" (internal quotation marks and citations omitted)).

For this reason, we dismiss.

**IT IS SO ORDERED.**


_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**MICHAEL E. VIGIL, Judge**