This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SHIRLEY HAYNES,**

 Plaintiff-Appellant,

v.                                              **NO. 34,489**

**PRESBYTERIAN HEALTHCARE
SERVICES,**

 Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Alan M. Malott, District Judge**

The Law Office of Lucero & Howard, LLC
Leon Howard
Albuquerque, NM

Fine Law Firm
Mark Fine
Albuquerque, NM

for Appellant

Conklin, Woodcock & Ziegler, P.C.
John K. Ziegler
Robert Conklin
Carol Dominguez
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}     Plaintiff-Appellant Shirley Haynes (Appellant) appeals from the district court's dismissal of her New Mexico Human Rights Act (NMHRA) claim and her prima facie tort claim. This Court issued a calendar notice proposing to affirm, and Appellant has filed a memorandum in opposition to this Court's proposed disposition. Having given due consideration to Appellant's arguments in opposition, we remain unpersuaded and affirm.

**NMHRA Claims**

{2}     Appellant contends that the district court erred in dismissing her NMHRA claims for failure to file a timely appeal, arguing that the district court erred in failing to apply a three-day mailing rule in calculating the period in which Appellant's appeal from the NMHRA was to be filed. [CN 2-3 (noting that Appellant's complaint was filed in the district court ninety-one days after the New Mexico Human Rights Commission (NMHRC) issued its waiver and that NMSA 1978, § 28-1-13 (2005) and Rule 1-076(D) NMRA require the complaint be filed within ninety days)] In this Court's calendar notice, we proposed to conclude that the district court had not erred

in dismissing Appellant's NMHRA claims as untimely, because Rule 1-076—titled "Appeals from Human Rights Commission"—provides that "[t]he three (3) day mailing period set forth in Rule 1-006 [NMRA] does not apply to the time limit for filing a notice of appeal." We noted that, to the extent Appellant claimed that 9.1.1.11(C)(6)(b) NMAC provides—under the general heading "Hearing preparation"—that, "[e]xcept as otherwise provided, all documents shall be served in person or by mail. If service is by mail, three days shall be added to time allowed by these rules for filing of a responsive document[,]" the more specific and pertinent provision dealing with appeals found in Rule 1-076 would apply in this context. [CN 4 (citing *Moongate Water Co. v. City of Las Cruces*, 2014-NMCA-075, ¶ 15, 329 P.3d 727, for the proposition that, "as a general rule, . . . when two statutes deal with the same subject, one general and one specific, the specific statute controls")]

{3}    Appellant contends that 9.1.1.11(C)(6)(b) NMAC and Rule 1-076 are in contradiction with one another and, as a result, *Schultz ex rel. Schultz v. Pojoaque Tribal Police Department*, 2010-NMSC-034, ¶ 19, 148 N.M. 692, 242 P.3d 259, applies and her appeal should be heard. However, we cannot say that the district court abused its discretion in declining to apply *Schultz* where standard rules of interpretation require the rule governing appeals from the NMHRA to apply.

**{4}** Moreover, to the extent Appellant attempts to frame this issue as one of jurisdiction, this argument is unavailing. Appellant contends that the regulation on hearing preparation should apply, and not the Supreme Court rule pertaining to appeals from NMHRC, because when the waiver is issued the matter is still within the jurisdiction of the NMHRA. By so arguing, Appellant appears to contend that our Supreme Court was without authority to promulgate a rule stating that the three-day mailing rule does not apply in appeals from the NMHRD. We decline to engage in such an interpretation, especially when unsupported by authority. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."), *cert. granted,* 2014-NMCERT-003, 324 P.3d 375; *cf. State v. Carroll*, ___-NMCA-___, ¶ 10, ___ P.3d ___(No. 32,909, Oct. 21, 2013), *cert. granted*, 2015-NMCERT-001, ___ P.3d ___ ("[W]here this Court is presented with a reasonable interpretation of a statute that does not call into question the constitutionality of the actions of our Supreme Court, that interpretation is the one this Court will adopt."). Accordingly, we conclude that the district court did not err in dismissing Appellant's NMHRA claim as untimely.

**Prima Facie Tort**

**{5}** Appellant contends that the district court erred in dismissing her claim of prima facie tort on the grounds that it was duplicative of her NMHRA claims "because her

4

[*p*]*rima* [*f*]*acie* [t]ort claim should be allowed to proceed if her NMHRA claims are deemed to have not been filed timely and/or administrative remedies do not need to be exhausted for a [p]laintiff to pursue common law tort claims." [DS 7] In this Court's calendar notice, we proposed to conclude that the district court did not err because prima facie tort may "not be used to evade stringent requirements of other established doctrines of law." *Bogle v. Summit Inv. Co.*, 2005-NMCA-024, ¶ 22, 137 N.M. 80, 107 P.3d 520. We further noted that prima facie tort was not available when "existing causes of action provided reasonable avenues to a remedy for the asserted wrongful conduct." *See id.* ¶ 24.

{6} In response, Appellant contends that prima facie tort is still available because the NMHRA claims are no longer "existing" since they were dismissed. [MIO 4] This argument is unavailing. To interpret the term "existing" as Appellant advocates would result in a direct contradiction of the principle articulated above—that prima facie tort may "not be used to evade stringent requirements of other established doctrines of law"—because it would permit a party to not meet the requirements of a given claim, have that claim dismissed, and evade those requirements by then seeking the same relief via prima facie tort. *See id.* ¶ 22. Such an interpretation is not in keeping with the limitations our courts have placed on prima facie tort. *See generally id.* Therefore, given that Appellant did not assert a separate factual basis for her prima facie tort

claim [CN 7], we conclude that the district court did not err in dismissing Appellant's prima facie tort claim as duplicative.

{7}    For the reasons stated above and in this Court's notice of proposed disposition, we affirm.

{8}    **IT IS SO ORDERED.**


_____
                                    **MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**J. MILES HANISEE, Judge**