This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Filing Date: November 12, 2020**

**No. S-1-SC-37761 & S-1-SC-37762**

**ROD FORSYTHE, Individually and as the
Duly Appointed Personal Representative for the
Wrongful Death of his Daughter, ASHLEY FORSYTHE;
CHRISTINE FORSYTHE, Mother; and
DANISHA GOLDBERG, Sister,**

       Plaintiffs-Petitioners,

v.

**FORD MOTOR COMPANY,
a Delaware corporation,**

       Defendant-Respondent,

and

**THE ESTATE OF ROBERT MARTINEZ;
DENISE DEAGUERO;
WHITEFORD E. MCCRACKEN;
JAY WALTON AUTOMOTIVE, INC.;
E. JAY WALTON, Individually and as
Corporate Director of JAY WALTON AUTOMOTIVE, INC.;
RANDY LUCE, Individually;
TRW, INC., an Ohio Corporation;
MORTON INTERNATIONAL, INC., as Successor to
AUTOLIV NORTH AMERICA, INC., a Delaware Corporation;
BREED TECHNOLOGIES, INC.; a Florida corporation;
SIEMENS CORPORATION, a Delaware corporation; and
DOES 1-10,**

       Defendants.

**ORIGINAL PROCEEDING ON CERTIORARI
John F. Davis, District Judge**

Durham, Pittard & Spalding, LLP
Caren Ilene Friedman
Santa Fe, NM

for Petitioners

Snell & Wilmer LLP
Todd E. Rinner
Albuquerque, NM

Patrick X. Fowler
Phoenix, AZ

Miller, Canfield, Paddock and Stone PLC
Paul D. Hudson
Kalamazoo, MI

for Respondent

**DECISION**

**THOMSON, Justice.**

**{1}** Plaintiffs-Petitioners Rod Forsythe, Ashley Forsythe, Christine Forsythe, and Diana Goldberg (collectively "Forsythe") filed two petitions for writ of certiorari in this Court, which we granted. The first case, *Forsythe v. Ford Motor Co.*, S-1-SC-37761, asked us to reverse the Court of Appeals and affirm the district court's order granting Forsythe an extension to file a notice of appeal. The second case, *Forsythe v. Ford Motor Co.*, S-1-SC-37762, asked us to reverse the Court of Appeals' procedural dismissal of the appeal for being untimely filed. We herein grant Forsythe the relief requested and briefly address the error to provide guidance by non-precedential decision. *See* Rule 12-405(B) NMRA (allowing for disposition by non-precedential decision when the issues have already been decided by New Mexico appellate courts).

## I.     BACKGROUND

**{2}** Forsythe filed a lawsuit asserting a number of claims including wrongful death resulting from the death of their daughter and sister, Ashley Forsythe, who was killed in a motor vehicle accident. Ford Motor Company ("Ford") was one of multiple named defendants.

**{3}** Ford moved for summary judgment. The district court did not immediately rule on the motion but ultimately entered summary judgment in favor of Ford.

**{4}** Two days after the deadline to file a notice of appeal, Forsythe's trial counsel filed a motion for extension of time to file appeal, a request for hearing, and a notice of appeal. As grounds, the motion for extension stated, "Due to a clerical error, the date for

filing the Notice of Appeal was docketed thirty days from the date of receipt versus the date of filing the Order." Following full briefing and a hearing on the merits of the motion, the district court granted the extension of time and accepted the notice of appeal as timely filed. Ford filed a motion to reconsider that was denied. Ford appealed the denial of its motion to reconsider. A Court of Appeals calendaring judge placed Forsythe's appeal, *Forsythe v. Ford Motor Co.*, A-1-CA-36702, on the General Calendar. A different calendaring judge placed Ford's appeal, *Forsythe v. Ford Motor Co.*, A-1-CA-37367, on the Summary Calendar. Forsythe's appeal was stayed pending the outcome of Ford's appeal.

**{5}** The Court of Appeals summarily dismissed Ford's appeal and then dismissed Forsythe's appeal. *See Forsythe*, A-1-CA-37367, mem. op. (May 24, 2019) (non-precedential) (reversing the district court's extension of time to appeal); *Forsythe*, A-1-CA-36702, order of dismissal (May 24, 2019) (stating that Forsythe's "notice of appeal was untimely"). Forsythe filed two petitions for writ of certiorari: (1) challenging the reversal of the district court order extending the time to file a notice of appeal and (2) challenging the dismissal because the notice of appeal was untimely. We granted certiorari and ordered consolidated briefing.

## II. DISCUSSION

**{6}** We review the grant or denial of a party's motion for an extension of time to file an appeal for an abuse of discretion. *See Shultz v. Pojoaque Tribal Police Dep't.*, 2010-NMSC-034, ¶ 19, 148 N.M. 692, 242 P.3d 259. The policy in New Mexico is "to construe both statutes and court rules in favor of deciding an appeal on the merits whenever possible." *Id.* (internal quotation marks and citation omitted). "In particular, notices of appeal, even where technically defective, should be liberally construed to allow consideration of the case on the merits." *Id.*

**{7}** Rule 12-201(E)(3) NMRA gives a district court authority to grant an extension of time if a party files a motion for an extension of time "within thirty (30) days after the expiration of the time . . . for filing the notice of appeal . . . on a showing of *excusable neglect* or circumstances beyond the control of the appellant." (Emphasis added.) Although "excusable neglect" is often discussed as grounds for relief from a judgment pursuant to Rule 1-060(B) NMRA, there is no reason to apply a different standard of "excusable neglect" when determining whether it is grounds to extend the time to file an appeal pursuant to Rule 12-201(E)(3).

**{8}** The district court correctly determined that circumstances in this case constituted excusable neglect under Rule 12-201(E)(3) and granted Forsythe a retroactive two-day extension to file a notice of appeal. The Court of Appeals reversed the district court by narrowly construing excusable neglect to categorically exclude "routine clerical error," which it reasoned "is not considered unique or unable to be anticipated." *Forsythe*, A-1-CA-37367, mem. op. ¶ 2. The Court of Appeals opined that "the rule regarding requests for an extension outside of the thirty-day deadline 'should be strictly construed so as to prevent the progressive erosion of the rule to the point that attorneys will assume that

they have sixty days within which to file notices of appeal.'" *Id.* ¶ 3 (quoting *Guess v. Gulf Ins. Co.*, 1980-NMSC-040, ¶ 17, 94 N.M. 139, 607 P.2d 1157).

**{9}** Even though we note that preventing the progressive erosion of procedural rules is laudable, the Court of Appeals applied *Guess* to give greater weight to procedural formalities than to basic rights of appeal. *See Trujillo v. Serrano*, 1994-NMSC-024, ¶ 9, 117 N.M. 273, 871 P.2d 369 (stating that "[p]rocedural formalities should not outweigh basic rights where the facts present a marginal case which does not lend itself to a bright-line interpretation"). In overruling the district court's proper exercise of discretion, the Court of Appeals erroneously substituted its judgment for that of the trial court. It did so by categorizing the circumstances presented as "routine clerical error" and stating that such matters can never be considered excusable neglect.

**{10}** New Mexico adopted the definition for "excusable neglect" from the United States Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993). *Kinder Morgan CO2 Co., L.P. v. N.M. Taxation & Revenue Dep't*, 2009-NMCA-019, ¶ 13, 145 N.M. 579, 203 P.3d 110. Under that definition

> [t]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Kinder Morgan*, 2009-NMCA-019, ¶ 12 (second alteration and omission in original). The *Kinder Morgan* Court also recognized that the "district court's intimate familiarity with [the] circumstances puts it in a better position than an appellate court to [make the determination]." *Id.* ¶ 13. An appellate court should deferentially review the grant or denial of an extension based on this flexible, equitable standard. *Id.* ¶¶ 12-13; *Schultz*, 2010-NMSC-034, ¶ 19; *accord Pioneer*, 507 U.S. at 394-95 ("Inflexibly [construing excusable neglect] to exclude every instance of an inadvertent or negligent omission would ignore the most natural meaning of the word 'neglect.'").

**{11}** The district court could have reasonably concluded that (1) the two-day extension would not prejudice Ford, (2) there would not be an unacceptable impact on judicial proceedings, (3) although the reason for the delay was within the reasonable control of Forsythe, it was nonetheless excusable, and (4) Forsythe was acting in good faith. Therefore, we cannot conclude as a matter of law that the district court abused its discretion.

## III.    CONCLUSION

**{12}** Because the Court of Appeals failed to apply the proper deferential standard of review to the district court's ruling, we remand for the Court of Appeals to reinstate the appeal.

**{13}   IT IS SO ORDERED.**

**DAVID K. THOMSON, Justice**

**WE CONCUR:**

**MICHAEL E. VIGIL, Chief Justice**

**BARBARA J. VIGIL, Justice**

**C. SHANNON BACON, Justice**