IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2012-NMCA-025

Filing Date: September 27, 2011

Docket No. 31,183

DEBORAH BRANSFORD-WAKEFIELD,

    Petitioner-Appellant,

v.

STATE OF NEW MEXICO TAXATION
AND REVENUE DEPARTMENT
MOTOR VEHICLE DIVISION,

    Respondent-Appellee.

APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Raymond Z. Ortiz, District Judge

David Henderson
Santa Fe, NM

for Appellant

Gary K. King, Attorney General
Julia Belles, Special Assistant Attorney General
Santa Fe, NM

for Appellee

## OPINION

**VANZI, Judge.**

{1}     In this case, we must decide whether to excuse the late filing of a petition for a writ of certiorari. Because we conclude that the attorney's unspecified illness in this case is not an unusual circumstance that would warrant waiving the timeliness requirement that is a mandatory precondition to the exercise of this Court's jurisdiction, we deny the petition as untimely.

1

**BACKGROUND**

**{2}**    Deborah Bransford-Wakefield was arrested by an officer from the Tesuque Tribal Police Department and charged with driving while intoxicated.  As a result, the Motor Vehicle Division of the Taxation and Revenue Department (the MVD) began proceedings to revoke her driver's license pursuant to the Implied Consent Act, NMSA 1978, Sections 66-8-105 to -112 (1978, as amended through 2007).  Prior to her license revocation hearing, Bransford-Wakefield requested a discovery order from the MVD.  The MVD issued the order, and the police department produced documents to Bransford-Wakefield seventeen days before the hearing.  The documents indicated that the police had taken a video recording of the encounter with Bransford-Wakefield after the stop, including her field sobriety tests, but Bransford-Wakefield did not learn of the video until the day before the hearing, apparently because she did not review the documents until that time.

**{3}**    At the hearing, the arresting officer testified that he stopped Bransford-Wakefield for failing to come to a complete stop at a stop sign and that when he stopped her, he noticed a strong odor of alcohol.  Bransford-Wakefield performed field sobriety tests, but she failed to perform them correctly, and the officer concluded that he had probable cause to arrest her for driving while intoxicated.  The officer then administered a breath alcohol test that resulted in a reading of .08.  Based on this evidence, the hearing officer concluded that a preponderance of the evidence supported a revocation of Bransford-Wakefield's license pursuant to Section 66-8-112.

**{4}**    The hearing officer considered Bransford-Wakefield's argument that she was denied due process by the police department's failure to provide her with the videotape in discovery.  The hearing officer noted that generally there is no constitutional right to discovery in an administrative hearing but that a due process right may be implicated if a party can demonstrate some particularized prejudice resulting from the denial of discovery.  The hearing officer expressed concern that Bransford-Wakefield had not exercised due diligence in attempting to obtain the video but stated that even assuming that she had done so, she had not demonstrated that she was prejudiced by not receiving it.  The hearing officer noted that even if the video showed that Bransford-Wakefield's performance on the field sobriety tests was better than the way in which it was described by the officer, there was nevertheless substantial evidence to support revocation of her license that could not by refuted by the video, such as evidence that she denied drinking, smelled of alcohol, had bloodshot eyes, and the result of her breath alcohol test was .08.

**{5}**    The hearing officer also addressed Bransford-Wakefield's argument that the evidence showed that the police officer had no reasonable suspicion to stop her because she testified that she did not drive through the stop sign.  The hearing officer found that, based on the officer's testimony, there was reasonable suspicion for the stop.

**{6}**    Bransford-Wakefield appealed to the district court.  She raised two issues: (1) whether the police officer had reasonable suspicion to initiate the traffic stop, and (2)

whether the police officer's testimony concerning the field sobriety tests was properly admitted even though the video would have been the best evidence of what occurred during the tests. Bransford-Wakefield then filed a motion to supplement the district court's appellate record to take judicial notice of the criminal case that was brought against her as a result of the incident. In the motion, Bransford-Wakefield argued that the finding by the judge in the criminal case—that the officer's testimony regarding the initial reason for the stop was not credible—should reach back to preclude the hearing officer's earlier conclusion that there was reasonable suspicion for the stop, and without reasonable suspicion, the evidence should have been excluded from the license revocation hearing. She also argued that the evidence in the criminal case demonstrated that she was deprived of due process by the failure of the police department to provide her with the video because it was the inconsistencies between the officer's testimony and the video that convinced the judge in the criminal case that the officer's testimony was not credible.

**{7}** The district court affirmed the decision of the hearing officer. The district court concluded that pursuant to *Glynn v. State, Taxation and Revenue Department*, 2011-NMCA-031, ¶ 18, 149 N.M. 518, 252 P.3d 742, *cert. denied*, 2011-NMCERT-003, 150 N.M. 619, 264 P.3d 520 (No. 32,862, Mar. 8, 2011), it did not matter whether the officer had reasonable suspicion or probable cause for the stop because the exclusionary rule does not apply in an administrative hearing. It also stated that it could neither take judicial notice of the criminal proceeding nor supplement the record on appeal, as it was permitted to review only the evidence presented at the hearing.

**{8}** The district court's order was filed on March 9, 2011. Pursuant to Rule 12-505(C) NMRA, Bransford-Wakefield was required to file her petition for writ of certiorari with this Court within thirty days after the district court's order, such that the due date was April 8, 2011. Bransford-Wakefield did not file her petition until April 11, 2011. The next day, Bransford-Wakefield filed a motion with this Court to accept the petition as timely filed. This Court sought a response to the motion from the MVD, and Bransford-Wakefield filed a reply, which we have not considered, as a reply is not contemplated by the Rules of Appellate Procedure. *See* Rule 12-309(E) NMRA (providing only that a motion and a response to a motion may be filed as a matter of course).

**DISCUSSION**

**An Attorney's Illness Is Not an Unusual Circumstance That Will Excuse the Untimely Filing of a Petition For Writ of Certiorari**

**{9}** Our Supreme Court has held that the time requirement for filing a petition for writ of certiorari is a mandatory precondition to the exercise of an appellate court's jurisdiction to review the matter. *Gulf Oil Corp. v. Rota-Cone Field Operating Co.*, 85 N.M. 636, 636, 515 P.2d 640, 640 (1973) (per curiam) (holding that, as with the requirement for a notice of appeal, the timely filing of a petition for a writ of certiorari is a mandatory precondition to the exercise of an appellate court's jurisdiction that will not be excused absent unusual

3

circumstances). When a petition is not filed in this Court within thirty days of the district court's final order, this Court will not excuse the untimely filing absent a showing of unusual circumstances that would justify the untimeliness. *Id.* Unusual circumstances are also required to warrant an extension of time to file a petition when the extension is sought after the filing deadline. *Cassidy-Baca v. Bd. of Cnty. Comm'rs of Cnty. of Sandoval*, 2004-NMCA-108, ¶ 2, 136 N.M. 307, 98 P.3d 316; *Hyden v. N.M. Human Servs. Dep't*, 2000-NMCA-002, ¶ 15, 128 N.M. 423, 993 P.2d 740. Our Supreme Court has defined unusual circumstances as circumstances that are both truly unusual and that are "beyond the control of the parties—such as error on the part of the court." *Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994) (holding that there would be unusual circumstances to excuse the late filing of a notice of appeal to the district court if the untimely filing was caused by the magistrate court and remanding for a finding of fact on this issue).

**{10}** In considering whether to exercise this Court's discretion to waive the mandatory timeliness requirement for a late petition, this Court is mindful of the fact that, unlike cases in which a party has an appeal as of right, review in this Court of the district court's order on appeal from an administrative agency is discretionary. *Paule v. Santa Fe Cnty. Bd. of Cnty. Comm'rs*, 2005-NMSC-021, ¶ 14, 138 N.M. 82, 117 P.3d 240 (holding that the decision whether to grant a petition for a writ of certiorari to review the district court's decision in an administrative appeal rests in the sound discretion of the Court of Appeals). The absolute right to one appeal set forth in Article VI, Section 2 of the New Mexico Constitution does not apply to appeals to this Court from the district court's decision on appeal from an administrative agency ruling. *See VanderVossen v. City of Espanola*, 2001-NMCA-016, ¶¶ 7-16, 130 N.M. 287, 24 P.3d 319 (explaining that the absolute right to one appeal contained in Article VI, Section 2 of the New Mexico Constitution does not apply to review by the Court of Appeals of a district court's decision on appeal from an administrative agency's zoning decision). Because the parties have already had an appeal as of right, we need not consider the policy of a party's absolute right to one appeal in determining whether unusual circumstances warrant accepting an untimely petition for writ of certiorari. *Cf. Schultz ex rel. Schultz v. Pojoaque Tribal Police Dep't*, 2010-NMSC-034, ¶¶ 14, 19, 148 N.M. 692, 242 P.3d 259 (applying the policy established in Article VI, Section 2 to an appeal as of right from a workers' compensation decision to the Court of Appeals, even though a workers' compensation proceeding is a special statutory proceeding that does not originate in the district court).

**{11}** Bransford-Wakefield's late motion for an extension asserted that her counsel intended to prepare the petition on the last possible day for filing, Friday, April 8, but became ill on that date and did not realize until Monday, April 11, that the deadline had passed. The motion does not specify what sort of illness counsel had or provide any other explanation for why this illness would constitute an unusual circumstance warranting the late filing. Although an illness is certainly beyond the control of the parties, it is not the kind of court-created error that is paradigmatic of the sort of unusual circumstance that will generally excuse a late filing. *See Trujillo*, 117 N.M. at 278, 871 P.2d at 374. Furthermore, illness—like many other unanticipated events that might get in the way of drafting and filing

4

a legal document when one waits until the last day to do so—is so common that we cannot conclude that it constitutes an "unusual" circumstance that would warrant excusing the late filing of the petition.

{12}    Bransford-Wakefield points out that, excluding the intervening weekend, the petition was filed only one day late.  Our Supreme Court has held that unusual circumstances may warrant excusing the late filing of a document that serves as a mandatory precondition to the exercise of this Court's jurisdiction when the document is only a little bit late and there are other unusual circumstances that were not caused by the court system but were not within the control of the party seeking review. *See Chavez v. U-Haul Co.*, 1997-NMSC-051, ¶¶ 19-22, 124 N.M. 165, 947 P.2d 122 (hearing an appeal where the notice was filed fifty-eight minutes late, the appellant filed the notice pro se, his trial counsel had been in the process of arranging for substitute counsel, and after trial it was not clear which attorney would be responsible for prosecuting the appeal); *see also Schultz*, 2010-NMSC-034, ¶ 21 (holding that unusual circumstances required excusing the mandatory timeliness requirement where the notice of appeal was received two days late because the appellant had mailed the notice four days prior to the due date and the fact that the United States Postal Service took more than four days to deliver the document from Albuquerque to Santa Fe was an unusual circumstance outside of the appellant's control). *But see San Juan 1990-A., L.P. v. El Paso Prod. Co.*, 2002-NMCA-041, ¶ 24, 132 N.M. 73, 43 P.3d 1083 (holding that unusual circumstances did not excuse the filing of a notice of appeal one day late when the late filing was due to misinformation provided by the courier service used by the appellant's attorney). However, our Supreme Court  cases are distinguishable since they relied on the policy favoring the right to one appeal—a policy that is not at issue here, as the parties have already been afforded an appeal to the district court. *See Chavez*, 1997-NMSC-051, ¶ 20; *see also Schultz*, 2010-NMSC-034, ¶ 19.  Because our review of this matter is discretionary, and because an attorney's illness does not constitute an unusual circumstance that would excuse the late filing of a petition for writ of certiorari, we deny the petition as untimely and decline to review it on its merits.

**Bransford-Wakefield Has Not Demonstrated That She Is Entitled to an Appeal as of Right as to Any of the Issues Raised on Appeal**

{13}    Our decision to deny the petition as untimely relies heavily on the fact that the parties have already been afforded an appeal as of right in the district court and on the fact that review in this Court of a petition for writ of certiorari is discretionary.  However, as we noted in *Maso v. State Taxation and Revenue Department*, 2004-NMCA-025, ¶ 17, 135 N.M. 152, 85 P.3d 276, *aff'd*, 2004-NMSC-028, 136 N.M. 161, 96 P.3d 286, and *Glynn*, 2011-NMCA-031, ¶¶ 10-11, there are some instances in which a district court, on appeal from an administrative decision, is asked to exercise both its appellate jurisdiction to review the decisions of the administrative entity and its original jurisdiction to determine any matters between the parties that could not have been raised in the administrative proceeding.  In such circumstances, although further review of the administrative decision is discretionary with this Court, a party has an appeal as of right of any matter properly before the district court

5

as part of its original jurisdiction. To the degree that a party has an appeal as of right to this Court, our assessment of whether to reach the merits of that appeal or to dismiss it as untimely is distinct from our assessment of whether to reach the merits of the issues raised pursuant to a petition for discretionary review.

**{14}** Although we stated in *Maso* and *Glynn* that there is uncertainty about how a party should proceed if some portion of the appeal is as of right and some portion of the appeal is discretionary, *see Maso*, 2004-NMCA-025, ¶ 17 n.1; *Glynn*, 2011-NMCA-031, ¶ 11, our rules make clear that when an appeal from the district court is as of right, a party must file a timely notice of appeal in the district court, and when an appeal is discretionary, the party must file a petition for writ of certiorari in this Court. *See* Rule 12-202 NMRA (establishing procedures for appeals as of right from the district court); Rule 12-505 (establishing procedures for review pursuant to a writ of certiorari). Both the time and place of filing requirements are mandatory preconditions to the exercise of this Court's jurisdiction. *See Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991). Therefore, when a party seeks to appeal some portion of a district court's decision as of right and seeks discretionary review of some other portion, the party should file a notice of appeal as to the issues to be reviewed as of right and a petition as to those issues that are reviewed in our discretion. If there is any uncertainty about whether certain issues are appealed as of right, a party should err on the side of filing both a timely notice of appeal in the district court and a petition in this Court in order to ensure there is no waiver of any right to appeal and in order to invoke this Court's jurisdiction to exercise its discretion to review those issues that are not appealed as of right.

**{15}** Here, however, Bransford-Wakefield does not assert that any of her issues are appealed as of right. Therefore, we need not determine whether Bransford-Wakefield timely filed a notice of appeal (or some other non-conforming document that would serve as a notice of appeal) in the district court, and if she did not, whether unusual circumstances excuse her failure to meet the mandatory time and place of filing requirements set by Rules 12-201, -202 NMRA governing notices of appeal.

**CONCLUSION**

**{16}** Bransford-Wakefield was required to file a timely petition for writ of certiorari in order to seek discretionary appellate review in this Court. Because her petition was filed one day late and because her attorney's unanticipated illness was not an unusual circumstance that would justify the untimely filing, we deny the petition.

**{17}   IT IS SO ORDERED.**

 

 

 

**LINDA M. VANZI, Judge**

**WE CONCUR:**

6

_____

**CELIA FOY CASTILLO, Chief Judge**


_____

**CYNTHIA A. FRY, Judge**


**Topic Index for** *Bransford-Wakefield v. NM Taxation & Revenue Dept.***, No. 31,183**

**AE**      **APPEAL AND ERROR**
AE-AJ      Appellate Jurisdiction
AE-CF      Certiorari
AE-RT      Right to Appeal
AE-TA      Timeliness of Appeal