**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2014-NMCA-012

Filing Date: October 3, 2013

Docket No. 31,497

PATRICIA VICTOR, CNA,

      Plaintiff-Appellant,

v.

NEW MEXICO DEPARTMENT
OF HEALTH and ALFREDO VIGIL,
M.D., SECRETARY OF THE DEPARTMENT
OF HEALTH,

      Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie A. Huling, District Judge**

Youtz & Valdez, P.C.
Shane Youtz
Stephen Curtice
Albuquerque, NM

for Appellant

N.M. Department of Health
Office of General Counsel
Elizabeth Trickey
Santa Fe, NM

for Appellees

**OPINION**

**SUTIN, Judge.**

**{1}**     Appellant Patricia Victor appeals the district court's order affirming a decision of the secretary of the New Mexico Department of Health (the Department) finding that, in her

1

capacity as a certified nurse aide, Appellant abused residents of a health care facility. The finding led to the permanent placement of Appellant's name on a nurse aide registry, thereby effectively ending her ability to find employment as a certified nurse aide. Appellant claims that her right to procedural due process was violated. We disagree and affirm the district court's order.

**{2}** Before reaching the merits of Appellant's argument, we consider and reject a number of challenges raised by the Department concerning this Court's jurisdiction over the appeal.

**LEGAL CONTEXT**

**{3}** According to regulations promulgated by the secretary of the Department, all complaints received by the Department for which there is reason to believe that a resident of a health care facility has been abused by a nurse aide[1] must be investigated. *See* 16.12.20.7 (I), (J) NMAC (10/31/1996, amended 10/15/2012); 16.12.20.3 NMAC (9/1/1993, amended 10/15/2012). If the Department determines by its investigation that resident abuse occurred, it must notify the nurse aide implicated in the investigation of the nature of any allegation, the date and time of the occurrence, and about the right to a hearing. 16.12.20.10(A)-(C) NMAC (5/28/1999, amended 10/15/2012). The Department must also disclose that once the nurse aide has been heard, the Department will report the substantiated findings to the nurse aide registry. *See* 16.12.20.10(D) NMAC. Further, if the nurse aide fails to request a hearing, the Department will report the substantiated findings to the facility that employs the nurse aide and to the nurse aide registry. 16.12.20.10(E) NMAC; *see* 16.12.20.7(H) NMAC (" 'Registry' means a listing by the [Department] of all individuals who have satisfactorily completed a nurse aide training . . . program[.]").

**{4}** If a nurse aide timely requests a hearing, the secretary of the Department (the secretary) must "appoint an impartial hearing officer to conduct the hearing and issue a report and recommended decision. The hearing officer need not be an attorney." 16.12.20.12 NMAC (9/1/1993, amended 10/15/2012). During the hearing, the Department "has the burden of proving, by a preponderance of the evidence, the existence of the conduct relied upon to" place a finding of abuse on the nurse aide registry. 16.12.20.16(B) NMAC (9/1/1993, amended 10/15/2012). Within five working days of the hearing, the hearing officer must send a written report stating his or her recommended decision and the basis therefor to the secretary who is vested with authority to make a final determination whether the abuse occurred. 16.12.20.17 NMAC (9/1/1993, amended 10/15/2012); 16.12.20.18

---

[1] The New Mexico Administrative Code defines "nurse aide" as "any individual who provides nursing or nursing related services to residents in a facility and who is not a licensed health professional, a registered dietitian, or someone who volunteers to provide such services without pay." 16.12.20.7(G) NMAC. The standards applicable to the certification of nurse aides is governed by federal regulations. *See, e.g.*, 42 C.F.R. §§ 483.152, 483.154 (2013).

2

NMAC (9/1/1993, amended 10/15/2012).

**{5}** If the secretary finds that the nurse aide has abused a resident, the Department must, as a matter of federal and state regulations, report its finding to the nurse aide, the administrator of the facility that employs the nurse aide, and to the nurse aide registry. 42 C.F.R. § 483.156(a)(1), (c)(1)(iv) (2013); 16.12.20.19 NMAC (9/1/1993, amended 10/15/2012). The secretary's report to the nurse aide registry must include the finding made by the secretary as a result of the hearing and any statement by the nurse aide disputing the finding. 16.12.20.20(A), (B) NMAC (9/1/1993, amended 10/15/2012). Although a nurse aide may appeal the secretary's final determination, an appeal does not stay the reporting requirements. *See* 16.12.20.22 NMAC (9/1/1993, amended 10/15/2012). Further, as a matter of federal and state regulations, a nurse aide found to have abused a resident may not petition the Department for the removal of his or her name from the nurse aide registry. 42 C.F.R. § 483.156(c)(iv)(D); 16.12.20.23 NMAC (5/28/1999, amended 10/15/2012). However, a finding of abuse may be removed from the registry if a court holds that the nurse aide did not abuse a resident. 42 C.F.R. § 483.156(c)(iv)(D).

**{6}** Should a party choose to appeal the secretary's final action, the appeal must be taken pursuant to Rule 1-075 NMRA within thirty days of the secretary's order. 16.12.20.22 NMAC (10/15/2012)[2]. Rule 1-075(C) governs the contents of a petition for a writ of certiorari and requires the petition to include "a concise showing that the petitioner is entitled to relief[,]" among other things. Rule 1-075(C)(4). The district court must issue a writ of certiorari if the petition was filed in accordance with the filing and content provisions of Rule 1-075, and if the petition "makes a prima facie showing that the court has jurisdiction over the agency, that the petitioner is entitled to relief[,] and that the petitioner does not have a right to review by appeal." Rule 1-075(G)(2). The petitioner may also file a motion requesting the district court to stay enforcement of the order or decision under review. *See* Rule 1-075(Q) (stating that, under some circumstances, "the district court may stay enforcement of the order or decision under review").

**{7}** Should the district court grant the petition for writ of certiorari, the district court, in its appellate capacity, must issue a written decision, reflecting its order of remand, reversal, or affirmance of the agency's order. Rule 1-075(T). Appeals from the district court's order

---

[2] A former version of 16.12.20.22 NMAC (9/1/1993) in effect during the underlying proceedings in this case stated that "[a] party may appeal the [s]ecretary's or his designee's final action to the New Mexico Court of Appeals[.]" The regulation's erroneous statement was ineffective because it conflicted with Rule 1-075(A), which "governs writs of certiorari to administrative officers and agencies pursuant to the New Mexico Constitution when there is no statutory right to an appeal or other statutory right of review." *See Roy D. Mercer, LLC v. Reynolds*, 2013-NMSC-002, ¶ 15, 292 P.3d 466 (recognizing that the Supreme Court is vested with the authority "to regulate all pleadings, practice, and procedure affecting the judicial branch of government").

may be sought in accordance with the Rules of Appellate Procedure.  Rule 1-075(V).

**BACKGROUND**

{8}     Appellant was terminated by her employer, the Albuquerque Heights Healthcare and Rehabilitation Center (the facility) based on allegations that she abused residents of the facility's hospice unit.  By letter, the Department advised Appellant that it received a complaint alleging that she had violated the rights of a resident by abuse, that the allegation had been investigated, and that it was found to be valid.  The letter also notified Appellant that she had a right to a hearing to appeal that finding.  Appellant responded in a letter to the Department requesting a hearing.

{9}     The Department appointed an attorney as the hearing officer in Appellant's case, and a hearing was scheduled.  Following the hearing, the hearing officer completed a report recommending that Appellant's name be placed on the nurse aide registry because Appellant had abused four residents of the facility.  The secretary, having reviewed the hearing officer's report and recommendation, found the hearing officer's recommendation to be appropriate; and the secretary ordered Appellant's abuse of the residents to be reported to and recorded in the nurse aide registry.

{10}     Underlying the secretary's finding of abuse and subsequent placement of that finding on the nurse aide registry was Appellant's treatment of four residents of the facility's hospice unit.  In one incident, Appellant continued to feed a resident who was coughing, thereby creating a risk of aspiration.  Appellant transferred another resident from a bed to a wheelchair "roughly" and then kicked the resident to force the resident's foot onto the foot rest of the wheelchair.  Another resident, the roommate of the resident involving the wheelchair, suffered emotional abuse from having observed the incident; and reported that she had also been treated roughly by Appellant.  Finally, another resident was slapped by Appellant.

{11}     Appellant filed a petition for writ of certiorari to the district court for review of the secretary's order.  As a basis for reversal of the secretary's order, Appellant stated without further elaboration, that she was "entitled to have the decision of the [s]ecretary . . . reversed because the [s]ecretary's decision was arbitrary and capricious, not supported by substantial evidence and not in accordance with the law."  Owing to the inconsistency between Rule 1-075 and then-current 16.12.20.22 NMAC (9/1/1993), in terms of which court had jurisdiction over her appeal, Appellant also filed a concurrent petition for a writ of certiorari in this Court.  The district court recognized that it, rather than this Court, had jurisdiction to hear Appellant's appeal; however, the district court noted that Appellant "understandably" filed concurrent petitions in both courts and stayed Appellant's petition until this Court declined jurisdiction over the matter.

{12}     Appellant filed a motion in district court to lift the stay of her petition for a writ of certiorari because this Court had dismissed her concurrently filed petition for certiorari

because we did not then have jurisdiction over the appeal. The district court lifted the stay and ordered that "[Appellant's] attorney shall submit a proposed [w]rit of [c]ertiorari . . . for approval." About a week later, Appellant filed a motion to amend the petition for writ of certiorari and attached a proposed amended petition for writ of certiorari to the district court for review of final action by the secretary. Appellant's motion to amend was made pursuant to Rule 1-015 NMRA and sought to amend the petition "to fully comply with Rule 1-075 . . . by supplementing the reasons cited entitling her to a writ." *See* Rule 1-015(A) (providing, in relevant part, that a party may amend a pleading by leave of the court and leave shall be freely given when justice so requires). The amended petition included an enumeration of alleged errors upon which Appellant sought reversal of the secretary's decision, including Appellant's assertion that the regulations applicable to this case are unconstitutional because they do not adequately comport with due process protections.

**{13}** The Department responded to Appellant's motion to amend her petition for writ of certiorari, arguing that Appellant's original petition failed to make a prima facie showing that she was entitled to relief, that Rule 1-015 did not apply to petitions for writs of certiorari, and that because Appellant's original petition was defective and could not be amended, the court was required to deny Appellant's petition for a writ of certiorari. The Department also took the position that Appellant's act of concurrently filing petitions for writs of certiorari in this Court and the district court was irrelevant and was not "an excuse for failing to make a prima facie showing of a right to relief." Appellant replied, arguing that the district court had discretion to allow an amendment to the petition for a writ of certiorari and that any defect in her original petition should be overlooked due to the unusual circumstances in this case.

**{14}** The district court granted leave to Appellant to file her amended petition for a writ of certiorari. And Appellant filed a timely statement of review issues. *See* Rule 1-075(J)(1), (K) (requiring a petitioner to file a statement of review issues containing: "(1) a statement of the issues; (2) a summary of the proceedings, briefly describing the nature of the case, the course of proceedings, and the disposition in the agency[,]" among other things; (3) argument and authority with respect to each issue presented in the statement of review issues; and "(4) a statement of the precise relief sought"). In addition to arguments attacking the factual support for the secretary's decision, Appellant presented argument and authority to support her contention that the applicable regulations violate due process because (1) they require nurse aides who have abused residents to be placed on the nurse aide registry without regard to the severity of the abuse, (2) they do not require judicial review of the findings prior to placing the nurse aide on the registry, and (3) they lack provisions for removing a finding of abuse from the registry. Appellant also filed a motion, pursuant to Rule 1-075(Q), to stay the Department's action of adding her name to the nurse aide registry, which the district court denied.

**{15}** The district court issued a memorandum opinion and order. The court stated that Appellant had raised eleven issues. The court condensed those issues to three: (1) whether the secretary's decision was supported by substantial evidence; (2) whether the hearing

officer abused his discretion in denying Appellant's requested continuance of the administrative hearing; and (3) whether Appellant was deprived of due process because the Department's regulations do not provide for an assessment of the severity of the alleged abuse, they allow referral to the nurse aide registry prior to the district court's review, and they do not contain any provisions for petition for removal from the registry. The district court found that the hearing officer's decision was supported by substantial evidence and that Appellant's due process rights were not violated. It affirmed the secretary's decision.

**{16}** Appellant filed a notice of appeal, pursuant to Rule 12-201 NMRA, in this Court. Attached to the notice of appeal was the district court's memorandum opinion and order. The Department filed a motion to dismiss the appeal, arguing that there is no Rule 12-201 right of appeal from a decision reviewed pursuant to Rule 1-075; rather, the Department argued that Appellant should have sought review of the district court's ruling by filing a petition for a writ of certiorari pursuant to Rule 12-505 NMRA, within thirty days of the district court's decision. *See* Rule 12-505(A)(2) (stating that Rule 12-505 governs this Court's review of district court decisions and orders issued pursuant to Rule 1-075). Appellant filed both a response to the Department's motion to dismiss and a docketing statement.

**{17}** In her response to the Department's motion to dismiss, Appellant argued, among other things, that her notice of appeal pursuant to Rule 12-201 should be accepted because, in considering her Rule 1-075 appeal, the district court exercised both its original and appellate jurisdiction and that her notice of appeal could be treated as a petition for a writ of certiorari. In her docketing statement, Appellant stated ten issues, three of which related to whether the regulations at issue in this case resulted in a deprivation of due process. The Department filed a reply to Appellant's response to the motion to dismiss arguing that all of Appellant's arguments in the district court required the court to exercise its appellate jurisdiction and that due to Appellant's failure to file a proper petition for a writ of certiorari, this Court lacked jurisdiction over the appeal.

**{18}** This Court issued an order to show cause why, in light of *Mascarenas v. City of Albuquerque*, 2012-NMCA-031, 274 P.3d 781, we should not grant the Department's motion to dismiss in part and deny it in part. We stated that most of the issues raised in Appellant's docketing statement "invoked the district court's appellate jurisdiction to review evidentiary matters and to review whether substantial evidence supports the hearing officer's decision. Some of [Appellant's] issues below, however, invoked the district court's original jurisdiction to address [Appellant's] constitutional challenges to regulations promulgated by the [Department]." We stated that "*Mascarenas* indicates that when a district court has exercised both its appellate and original jurisdiction, the appellant should pursue an appeal by filing a Rule 12-505 petition to address issues stemming from the exercise of the district court's appellate jurisdiction, and a direct appeal to address issues stemming from the exercise of the district court's original jurisdiction." *See Mascarenas*, 2012-NMCA-031, ¶¶ 1, 16-24 (explaining that where the plaintiff filed an appeal pursuant to Rule 12-201 addressing issues related to the district court's exercise of both its original and appellate

jurisdiction, this Court would review the issues stemming from the court's original jurisdiction; but declining, in the absence of a Rule 12-505 petition to review issues arising from the court's appellate jurisdiction); *see also Bransford-Wakefield v. State Taxation & Revenue Dep't*, 2012-NMCA-025, ¶ 14, 274 P.3d 122 ("[W]hen a party seeks to appeal some portion of a district court's decision as of right and seeks discretionary review of some other portion, the party should file a notice of appeal as to the issues to be reviewed as of right and a petition as to those issues that are reviewed in our discretion."). Having received responses to the order to show cause from the Department and from Appellant, we issued an order dismissing the issues that stemmed from the exercise of the district court's appellate jurisdiction. In regard to Appellant's due process arguments, we issued a calendar notice assigning the case to the general calendar and holding in abeyance the Department's motion to dismiss pertaining to those issues. We stated in the calendar notice that "the parties may include additional briefing, if desired, on the matters raised in" Appellant's response to our order to show cause.

**{19}** On appeal, Appellant makes the overarching argument that the regulations applicable to the nurse aide registry do not contain appropriate provisions to protect the due process rights of certified nurse aides. To that end, she makes two sub-arguments. She argues first that the definition of "abuse" is too broad and the regulations lack a "severity assessment," therefore she was not protected from an erroneous finding of abuse. She argues that this defect is aggravated by the fact that her name can never be removed from the nurse aide registry. Second, she acknowledges that federal law requires permanent placement of a finding of abuse on the nurse aide registry; but she argues that the Department was not bound by federal law to define "abuse" as broadly as it does in Regulation 16.12.20.7(A) of the Administrative Code, nor does federal law prohibit the inclusion of a severity assessment of the abuse prior to referral to the nurse aide registry. In light of the alleged procedural due process violation stemming from the regulations, Appellant requests that we reverse the district court's due process ruling.

**{20}** On appeal, relying on its earlier briefs to this Court for the substance of its arguments, the Department continues to argue that this Court lacks jurisdiction over the appeal. The Department also refutes Appellant's due process claims and requests that we affirm the district court's due process ruling.

**{21}** After reviewing the Department's jurisdictional arguments, we conclude that we have jurisdiction over the appeal. In regard to the merits of Appellant's due process argument, we conclude that Appellant fails to establish that a violation of her right to procedural due process occurred. Accordingly, we affirm the district court's ruling.

**Jurisdiction**

**{22}** Whether a court has jurisdiction to hear a matter is a question of law that we review de novo. *Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300. The Department raises three jurisdictional challenges to our consideration of the merits of

Appellant's appeal. First, the Department argues that the district court considered Appellant's due process claims pursuant to its appellate jurisdiction and, as such, Appellant's failure to file a petition for a writ of certiorari to this Court within thirty days of the district court's ruling renders her appeal untimely. Second, the Department argues that regardless of whether Appellant's due process claims invoked the district court's original or appellate jurisdiction, her appeal should have been set forth in a timely petition for a writ of certiorari to this Court and because it was not, Appellant's appeal was untimely. Third, the Department claims that the district court altogether lacked jurisdiction to hear Appellant's appeal because Appellant's writ of certiorari to the district court was defective, and the court did not have discretionary authority to permit Appellant to amend it. We consider each argument in turn.

## 1.     Appellant's Due Process Claims Comprise an Appeal as of Right

**{23}**     The Department argues that the district court exercised its appellate and not its original jurisdiction in considering Appellant's case. The Department rests its argument on the assertions that: (1) because Appellant failed to file a civil complaint setting out her due process claims, separate from her Rule 1-075 motion for writ of certiorari, she only invoked the district court's appellate jurisdiction; (2) the court's memorandum opinion and order that was issued pursuant to Rule 1-075 and relied on facts from the administrative hearing in analyzing the due process issue, indicates that the court exercised its appellate, not its original jurisdiction; and (3) the hearing officer had jurisdiction to hear Appellant's due process claims and, as such, those claims could not have invoked the district court's original jurisdiction. None of the arguments on which the Department premises its jurisdictional challenge have the effect of precluding this Court's jurisdiction over Appellant's appeal.

**{24}**     As an initial matter, we reject the Department's assertion that the hearing officer in this case was vested with jurisdiction to consider the constitutionality of the regulations at issue. Constitutional challenges that exceed the scope of the hearing officer's review are subject to the original jurisdiction of the district court. *Cf. Schuster v. State Dep't of Taxation & Revenue*, 2012-NMSC-025, ¶¶ 20-21, 283 P.3d 288 ("[A]ny constitutional challenge beyond MVD's scope of statutory review is brought for the first time in district court under its original jurisdiction."). An overview of the regulations pertaining to the hearing available to a nurse aide against whom a finding of abuse has been substantiated reveals that the purpose of the hearing is to allow the nurse aide to challenge the substantiated finding of abuse, and thereby attempt to overcome the Department's intent to report the finding of abuse to the nurse aide registry. *See* 16.12.20.10(E) NMAC (stating that "the nurse aide's failure to request a hearing . . . will result in the [Department] reporting the substantiated findings . . . to the nurse aide registry"); 16.12.20.16(B) NMAC (stating that, in the hearing, the Department "has the burden of proving, by a preponderance of the evidence, the existence of the conduct relied upon to" report the abuse finding to the nurse aide registry). The hearing officer's role is to conduct the hearing to determine whether the Department proved by a preponderance of the evidence that the abuse occurred and to make an according recommendation in writing to the secretary regarding whether the alleged abuse

should be placed on the nurse aide registry. *See* 16.12.20.16(A), (B) NMAC; 16.12.20.17 NMAC. Nothing in these regulations supports an inference that the hearing officer, who need not be an attorney, may consider or rule upon the issue of the constitutionality of the process afforded by the regulations. *See* 16.12.20.12 NMAC. The hearing officer is merely an arbiter of the factual question, whether a preponderance of the Department's evidence demonstrates that the nurse aide abused a resident.

**{25}** Moreover, neither the district court's failure to expressly state that it was exercising its original jurisdiction in regard to the due process claims, nor Appellant's failure to expressly seek to invoke the court's original jurisdiction by filing a separate civil complaint barred the court's exercise of original jurisdiction. By raising a due-process challenge in her petition for writ of certiorari and her statement of review issues, Appellant sufficiently invoked the district court's original jurisdiction. *See Los Chavez Cmty. Ass'n v. Valencia Cnty.*, 2012-NMCA-044, ¶ 11, 277 P.3d 475 (explaining that the substance of the pleading controls the question whether the district court's original jurisdiction was invoked and holding, therefore, that the appellant's inclusion of a due process claim in her appeal to the district court invoked the court's original jurisdiction and rendered her appeal therefrom one of right). Further, by ruling upon Appellant's due process claims, the district court implicitly exhibited its exercise of original jurisdiction; this, notwithstanding the court's references, in its written opinion, to Rule 1-075. *See Glynn v. State Taxation & Revenue Dep't*, 2011-NMCA-031, ¶ 10, 149 N.M. 518, 252 P.3d 742 (explaining that notwithstanding the district court's statement that it considered the appeal "in accordance with . . . Rule 1-074 . . .," the fact that the court ruled upon a constitutional issue "suggest[ed] that the district court was acting in accordance with its original jurisdiction" (alteration and internal quotation marks omitted)), *overruled on other grounds by Schuster*, 2012-NMSC-025; *see also Maso v. State Taxation & Revenue Dep't*, 2004-NMCA-025, ¶ 17, 135 N.M. 152, 85 P.3d 276 ("[T]he district court can simultaneously exercise its appellate and original jurisdiction."). Based on the foregoing, we conclude that Appellant's due process claims were invoked and decided pursuant to the court's original jurisdiction; as such, the due process issues are properly before this Court in Appellant's appeal as of right pursuant to Rule 12-201.

**2.      Rule 12-505 is Inapplicable to Appellant's Due Process Claims**

**{26}** The Department relies on *Smith*, 2007-NMSC-055, for the proposition that Appellant was required to follow the Rule 12-505 time-line and to raise her due process appeal in a petition for a writ of certiorari. Such reliance is misplaced. In *Smith*, our Supreme Court held that parties seeking judicial review of administrative decisions must do so in accordance with Rule 1-075 and that parties may not circumvent that process by filing a declaratory judgment action to overcome an adverse administrative decision. *Smith*, 2007-NMSC-055, ¶¶ 1, 21-23. Here, as we have already explained, Appellant's due process claims invoked the district court's original, not its appellate jurisdiction. Appellant's direct appeal of those issues to this Court does not circumvent the procedure established by the applicable rules, rather, it adheres to them. *See Bransford-Wakefield*, 2012-NMCA-025, ¶ 14. The Department's argument to the contrary is unavailing.

9

**3.    The District Court Did Not Err in Permitting Appellant to Amend Her Petition for a Writ of Certiorari**

**{27}**    The Department's final jurisdictional challenge is premised on the notion that the district court lacked jurisdiction over Appellant's appeal because (1) Appellant's original petition for a writ of certiorari failed to make a prima facie showing of entitlement to relief, and (2) the court did not have discretionary authority to permit Appellant to amend the petition to comply with Rule 1-075. Because we believe that under the peculiar facts of this case the district court properly permitted the amendment, we reject the Department's argument in this regard.

**{28}**    As set forth in the background section of this Opinion, during the pendency of this case below, Regulation 16.12.20.22 of the Administrative Code erroneously stated that appeals from the secretary's final action were to be appealed to this Court. Abiding the erroneous regulation, Appellant filed an appeal in this Court, and concurrently filed a sparing petition in the district court, in which bare assertions of jurisdiction and error were set out, but from which factual detail "showing that [she was] entitled to relief" was omitted. *See* Rule 1-075(C)(4). We construe Appellant's initial district court petition to have been an attempt to preserve the district court's jurisdiction over her appeal by conforming with the time limit set out in Rule 1-075(D), while simultaneously testing the validity of the erroneous version of Regulation 16.12.20.22. In her motion to amend the petition, Appellant advised the district court that "[i]n [an] effort[] to comply with [the Department's] faulty regulations, [she] did not fully explain the reasons for which a writ should be granted and should be given the opportunity to do so by amendment." The district court agreed with Appellant and found that "good cause exist[ed] for allowing the amendment." The Rules of Civil Procedure do not prohibit the district court from allowing amendments to a writ of certiorari. And, under the unusual circumstances of this case, we believe that the district court appropriately exercised its discretion in allowing the amendment. *Cf. Tri-State Generation & Transmission Ass'n, Inc. v. D'Antonio*, 2011-NMCA-014, ¶ 29, 149 N.M. 386, 249 P.3d 924 (stating that, as a matter of policy, we liberally construe the appellate procedure rules so as to determine appeals on their merits). We reject the Department's arguments to the contrary.

**Procedural Due Process**

**{29}**    "Claims involving the denial of procedural due process are questions of law, which we review de novo." *Cordova v. LeMaster*, 2004-NMSC-026, ¶ 10, 136 N.M. 217, 96 P.3d 778. Appellant's due process argument focuses on the definition of "abuse" in Regulation 16.12.20.7(A) of the Administrative Code. Regulation 16.12.20.7(A) defines "abuse" as:

> any act or failure to act performed intentionally, knowingly[,] or recklessly that causes or is likely to cause harm to a resident, including:
>
> (1)    [P]hysical contact that harms or is likely to harm a resident of a health

10

facility;

(2)    [I]nappropriate use of a physical restraint, isolation, or medication that harms or is likely to harm a resident;

(3)    [I]nappropriate use of a physical or chemical restraint, medication, or isolation as punishment or in conflict with a physician's order;

(4)    [M]edically inappropriate conduct that causes or is likely to cause physical harm to a resident;

(5)    [M]edically inappropriate conduct that causes or is likely to cause great psychological harm to a resident;

(6)    [A]n unlawful act, a threat[,] or menacing conduct directed toward a resident that results and might reasonably be expected to result in fear or emotional or mental distress to a resident.

**{30}**    Appellant also cites regulations promulgated by the Department which are applicable to "New Mexico providers of health care and services and employees of these providers who are not licensed health care professionals or certified nurse aides."  7.1.12.2 NMAC (01/01/2006); *see* 7.1.12.1 NMAC (01/01/2006).  Unlike the regulations applicable to nurse aides, the regulations applicable to "employees" of health care providers (the employee regulations) require a determination of the severity of substantiated complaints of abuse "made for the purpose of deciding if the employee is to be referred for placement on the registry."  7.1.12.11 NMAC (01/01/2006).  Thus, an employee of a health care provider found to have abused a resident will not be placed on the registry unless:

(1)    the abuse results in, or is a contributing factor to, death;

(2)    the abuse results in the infliction of a significant, identifiable physical injury that reasonably requires or results in medical or behavioral intervention or treatment;

(3)    the abuse results in any injury for which criminal charges are brought against the employee resulting in a plea or conviction;

(4)    the abuse results in the infliction of excruciating pain or pain that endures over a significant time period;

(5)    the abuse causes significant mental anguish as evidenced by the victim's descriptions, or significant behavioral changes;

(6)    the abuse is sexual abuse; or

11

(7)     the abuse is verbal abuse that causes significant mental anguish, including psychological or emotional damage, and which is evidenced by significant behavioral changes or physical symptoms.

7.1.12.11(A) NMAC.

**{31}** Appellant argues that because the definition of "abuse" applicable to nurse aides includes conduct that is "likely to harm a resident[,]" she was not adequately protected from erroneous findings of abuse and that this is exemplified by the fact, according to Appellant, that she did not "cause[] harm to any resident." She argues further that because the nurse aide regulations, unlike the employee regulations, do not contain a mechanism for assessing the "severity" or the impact of the abuse on the resident, the regulations created risk of erroneous deprivation of her property interest in continuing employment as a nurse aide. *See Mills v. State Bd. of Psychologist Exam'rs*, 1997-NMSC-028, ¶ 15, 123 N.M. 421, 941 P.2d 502 (recognizing that "the right to practice a profession or vocation is a property right." (internal quotation marks and citation omitted)). Appellant contends that in order to comport with due process, the Department's regulations applicable to nurse aides, like the employee regulations, must include provisions requiring a finding of actual harm, an assessment of the impact of the substantiated abuse on the resident, and an assessment of the nurse aide for aggravating factors[3].

**{32}** "In general, the right to due process in administrative proceedings contemplates only notice of the opposing party's claims and a *reasonable* opportunity to meet them." *Archuleta v. Santa Fe Police Dep't ex. rel City of Santa Fe*, 2005-NMSC-006, ¶ 32, 137 N.M. 161, 108 P.3d 1019 (internal quotation marks and citation omitted). "The importance of the individual's and administrative body's interests, together with the risk of an erroneous deprivation of such private interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards, dictates what additional process, if any, is due in an administrative proceeding." *Id.* (alteration, internal quotation marks, and citation omitted).

**{33}** Although Appellant claims that she was deprived of "her right to be heard in a meaningful manner[,]" Appellant does not demonstrate, with argument or record support, that such deprivation occurred. *See* Rule 12-213(A)(4) NMRA (requiring an appellant's brief in chief to contain arguments and citation to the record proper for each issue presented). Moreover, contrary to Appellant's argument, the record reflects that during the administrative hearing she reviewed and objected to the Department's exhibits, confronted and cross-examined the Department's witnesses, and provided testimony and oral argument

---

[3] The employee regulations provide that where there is a substantiated finding of abuse, aggravating factors, such as use of drugs or alcohol at or near the time of the substantiated abuse or a weapon in connection with the substantiated abuse meets the severity standard, thereby requiring placement on the registry. 7.1.12.11(D) NMAC.

12

on her own behalf. On this record, we see no basis to conclude that Appellant was deprived of a meaningful opportunity to be heard. *See State ex rel. Children, Youth & Families Dep't v. William M.*, 2007-NMCA-055, ¶ 37, 141 N.M. 765, 161 P.3d 262 ("A meaningful opportunity to be heard includes an opportunity to review and present evidence, confront and cross[-]examine witnesses, and consult with counsel, either by way of an informal or formal hearing." (internal quotation marks and citation omitted)).

**{34}** In regard to the due process balancing test, Appellant asserts and the Department does not dispute that the interests of the Department and Appellant were equally balanced. *See Archuleta*, 2005-NMSC-006, ¶ 32. Thus, we turn to the question whether the applicable regulations created a risk of an erroneous deprivation in this case and to consideration of the probable value, if any, of additional procedural safeguards. *Id.*

**{35}** Although Appellant argues that the Department could have and should have defined "abuse" more narrowly, required a severity assessment, and premised a finding of "abuse" on the existence of actual harm, these arguments do not demonstrate that the administrative proceedings in this case "created a risk of erroneous deprivation" of Appellant's right to pursue her vocation. Appellant does not deny that she did the actions that constituted abuse in this case. Rather, the crux of her argument in regard to the risk of erroneous deprivation is that because the definition of "abuse" includes conduct that "is likely to cause harm" she was found to have abused residents even where the residents were, in her view, unharmed. The Department, in its own words, "vehemently disputes [Appellant's] assertion that '[n]one of the incidents that [Appellant] was accused of caused harm to any resident.' " Appellant's argument is unpersuasive for two reasons.

**{36}** First, the Legislature vested the Department and the secretary with authority to promulgate regulations applicable to nurse aides. *See* NMSA 1978, § 9-7-6(E) (2001) ("The secretary may make and adopt such reasonable and procedural rules as may be necessary to carry out the duties of the [D]epartment and its divisions."); NMSA 1978, § 24-1-3(V) (2001) (stating that the Department has authority to "do all . . . things necessary to carry out its duties"). The Department is qualified to promulgate regulations related to resident care because such matters are within its area of expertise. *See Truong v. Allstate Ins. Co.*, 2010-NMSC-009, ¶ 32, 147 N.M. 583, 227 P.3d 73 (stating that appellate courts "give deference to the expertise of the relevant regulatory body"). Appellant does not attempt to compare or contrast the training, responsibilities, and duties of nurse aides to or from the training, responsibilities, and duties of employees subject to the employee regulations. Without evidence with constitutional analysis of such factors, we are left with no basis on which to consider whether the Department's decision to create stricter standards for nurse aides than for employees governed by the employee regulations was constitutionally suspect. Accordingly, we defer to the Department's decision to create distinct standards applicable to nurse aides versus other employees of health care facilities. *See State Bd. of Psychologist Exam'rs v. Land*, 2003-NMCA-034, ¶ 5, 133 N.M. 362, 62 P.3d 1244 ("[C]ourts will ordinarily defer to an agency when there are legal questions that implicate special agency expertise or the determination of fundamental policies within the scope of the agency's

13

statutory function[.]" (internal quotation marks and citation omitted)).

**{37}** Second, Appellant was protected from the possibility of an erroneous deprivation of her right to practice her vocation by the regulations themselves. The definition of "abuse" in Regulation 16.12.20.7(A) of the Administrative Code is sufficiently specific so as to have put Appellant on notice of the conduct that constitutes abuse, and Appellant does not make an argument to the contrary. We observe further that Appellant's conduct underwent three stages of review before the finding of abuse was placed on the registry—the allegation was investigated and substantiated by the Department, proved by a preponderance of the evidence to a hearing officer, and reviewed by the secretary. A fourth level of review was then undertaken by the district court. Thus, rather than creating a risk of erroneous deprivation, we believe that the process required by the regulations protected Appellant from an erroneous deprivation of her property interest by affording her the opportunity for multiple levels of review.

**{38}** Finally, even were a severity assessment to be considered an additional or substitute safeguard in a due process analysis, Appellant does not show that a severity assessment would have had any value in this case. *See Archuleta*, 2005-NMSC-006, ¶ 32. The district court found that "even under the more lenient standard" set forth in the employee regulations, Appellant's "actions qualified as abuse for at least one of the residents" in that Appellant's actions "caused 'significant mental anguish as evidenced by the victim's descriptions, or significant behavior changes.' 7.1.12.11(A)(5) NMAC." Appellant, having failed to attack that finding on appeal, has waived her right to claim that such finding was in error. *See* Rule 12-213(A)(4). As such, we conclude that Appellant has failed to demonstrate that the application of a severity standard to the facts of this case would have had any value in terms of altering the outcome of the proceedings.

**{39}** In sum, Appellant has failed to demonstrate a procedural due process violation in this case. Her argument provides no basis for reversal.

**CONCLUSION**

**{40}** We affirm.

**{41}** **IT IS SO ORDERED.**

_____
  **JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

14

_____
**J. MILES HANISEE, Judge**

**Topic Index for** *Victor v. N.M. Dep't of Health*, **No. 31,497**

**ADMINISTRATIVE LAW AND PROCEDURE**
Administrative Appeal
Due Process
Hearings
Judicial Review

**APPEAL AND ERROR**
Certiorari

**CONSTITUTIONAL LAW**
Due Process

**GOVERNMENT**
Regulatory Authority

**JURISDICTION**
Appellate Jurisdiction