This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DARRELL NANCE,**

    Appellant-Petitioner,

v.                                                                                    **NO. 35,341**

**STATE OF NEW MEXICO TAXATION**
**AND REVENUE DEPARTMENT,**
**MOTOR VEHICLE DIVISION,**

    Appellee-Respondent.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**David P. Reeb, Jr., District Judge**

Eric D. Dixon Attorney and Counselor at Law, P.A.
Eric D. Dixon
Portales, NM

for Appellant

Hector H. Balderas, Attorney General
Melinda L. Wolinsky, Special Assistant Attorney General
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

**{1}** After this Court dismissed his appeal from the district court's order affirming his driver's license revocation on the ground that it was a non-conforming and untimely petition for writ of certiorari, Petitioner-Appellant Darrell Nance moved for reconsideration. We denied that motion but granted Nance's motion for reconsideration on the issue of whether an appeal to this Court from the district court's separate order denying his motion to excuse should have been brought by way of a direct appeal, under Rule 12-201 NMRA of the Rules of Appellate Procedure, or by a petition for writ of certiorari under Rule 12-505 NMRA. We hold that Nance's appeal on the motion to excuse should have been brought pursuant to Rule 12-505 and, because it was a non-conforming and untimely petition for writ of certiorari, the appeal must be dismissed.

**BACKGROUND**

**{2}** The relevant facts are as follows. In December 2014 Nance was arrested at an elementary school in Clovis, New Mexico on suspicion of driving under the influence (DWI). Nance's driver's license was revoked pursuant to the Implied Consent Act. After a hearing, an administrative hearing officer sustained the revocation in a written decision and order. Pursuant to NMSA 1978, Section 66-8-112(H) (2015) and Rule 1-074 NMRA, Nance timely appealed the hearing officer's decision and order to the Ninth Judicial District Court on April 22, 2015, and on May 13, 2015, filed a request for a hearing on the appeal. The case was assigned to District Judge David Reeb, who

scheduled the requested hearing for September 9, 2015. Well before the hearing, by July 30, 2015, Nance knew that the Ninth Judicial District Attorney's Office had filed a criminal information/complaint against him in the DWI matter.

**{3}** At the September 9, 2015 hearing, Judge Reeb told counsel that oral argument was premature because Nance had not filed the statement of appellate issues required by Rule 1-074(J). Nance subsequently filed his statement of appellate issues to which the Taxation and Revenue Department, Motor Vehicle Division (MVD) responded, and Nance again requested oral argument. On November 5, 2015, without holding a hearing, the district court entered a letter decision affirming the hearing officer's determination.

**{4}** Eight months after the appeal was assigned to Judge Reeb, five months after the Ninth Judicial District Attorney's Office filed criminal charges against him, and more than a month after the district court entered its letter decision affirming the license revocation, Nance filed a motion to excuse Judge Reeb from presiding over the appeal. The motion was filed pursuant to Rule 1-088.1(F) NMRA (2013) (current version at Rule 1-088.1(G) NMRA), which states, "No district judge shall sit in any action in which the judge's impartiality may reasonably be questioned under the provisions of the Constitution of New Mexico or the Code of Judicial Conduct, and the judge shall file a recusal in any such action." Further, the two-page motion stated that Judge Reeb's wife is the district attorney for the Ninth Judicial District and

contended that Judge Reeb could not sit fairly and impartially on this case and should disqualify himself because the Judicial Ethics Committee issued an advisory opinion in 2007 that a judge "could not sit in any cases filed by the 9th Judicial District Attorney's office while his wife was the [then] Deputy District Attorney." Nance did not attach the advisory opinion. Nor did he allege in his motion that Judge Reeb was aware of the criminal matter, that the criminal matter was assigned to Judge Reeb, or that anyone from the district attorney's office was a party to, or participating in, the appellate proceeding.

{5}     On December 21, 2015, Judge Reeb entered two separate orders: an order denying the Rule 1-088.1(F) motion to excuse and an order affirming the license revocation. With respect to the order denying the excusal motion, the district court noted that Nance had exceeded the time limits to request excusal and that his attorney was apparently aware that Nance was being prosecuted by the district attorney's office before the district court had issued any decision on revocation, yet filed the excusal motion only after the court issued its decision letter affirming the license revocation.

{6}     Nance filed a notice of appeal to this Court from both orders on January 11, 2016, and filed a docketing statement on February 8, 2016. We issued an order on April 20, 2016, denying Nance's request for review and dismissed the appeal as a non-conforming and untimely petition for writ of certiorari, pursuant to Rule 12-505 of the Rules of Appellate Procedure and our decision in *Bransford-Wakefield v. State*

4

*Taxation & Revenue Department*, 2012-NMCA-025, 274 P.3d 122. *See id.* ¶ 8 (noting that, following the district court's entry of an order affirming a license revocation, the party seeking review must file a petition for writ of certiorari with this Court within thirty days from the entry of the order). Nance filed a motion for reconsideration and/or alternative motion to allow an extension of time to file an amended petition for writ of certiorari. We denied reconsideration as to the appeal from the district court's order affirming the license revocation and granted reconsideration as to the appeal from the motion to excuse. The case was assigned to the general calendar, and the parties were instructed to brief the issue of whether an appeal from the district court's order denying the excusal motion should have been brought to this Court by way of a direct appeal under Rule 12-201 or by a petition for writ of certiorari under Rule 12-505.

**DISCUSSION**

{7}     The issue in this case concerns the procedure to be used when a party seeks to appeal to this Court from a decision on a motion to excuse a district judge who is exercising only appellate jurisdiction over an administrative appeal, that is, where the grounds purportedly justifying excusal did not arise in the conduct of the administrative proceeding, but only in connection with the conduct of appellate proceedings in the district court. Nance contends that his notice of appeal was proper

5

because the district court was exercising its original jurisdiction when it denied his motion to excuse. For the reasons that follow, we disagree.

**{8}** "Whether the district court is possessed of jurisdiction over the subject matter of a case is a question of law that we review de novo." *Los Chavez Cmty. Ass'n v. Valencia Cty.*, 2012-NMCA-044, ¶ 9, 277 P.3d 475 (internal quotation marks and citation omitted). As we have previously stated, a district court can simultaneously exercise its appellate and original jurisdiction. *Maso v. State Taxation & Revenue Dep't*, 2004-NMCA-025, ¶ 17, 135 N.M. 152, 85 P.3d 276. When the district court is exercising its appellate jurisdiction, the court's scope of review of the decision of the administrative body is limited in the same manner as any appellate body. *Id.* ¶ 13. On the other hand, where the administrative body lacks authority to consider an issue, e.g., a due process argument, the district court lacks appellate jurisdiction to resolve the matter. *Id.* And for those claims that are beyond the scope of an administrative hearing, the district court can exercise its original jurisdiction to consider the matter. *See id.* ¶ 17. When the district court exercises its original jurisdiction, Article VI, Section 2 of the New Mexico Constitution instructs that "an aggrieved party shall have an absolute right to one appeal." In such instances, the proper procedure to bring a nondiscretionary direct appeal to this Court is by a notice of appeal under Rule 12-201.

**{9}** Here, Nance filed a notice of appeal in the district court seeking review of the administrative hearing officer's decision and order pursuant to Rule 1-074, which "governs appeals from administrative agencies to the district courts." Rule 1-074(A). During the pendency of the appeal in the district court, and after the court had issued its decision letter, Nance filed a motion to excuse Judge Reeb, which was denied. Nance now argues that his appeal from the district court's order is an appeal as of right under Rule 12-201 because the district court was exercising its original jurisdiction when it denied his excusal motion. Nance provides no legal authority for the proposition that a denial of a motion to excuse properly invokes the district court's original jurisdiction, and we have found none. This Court will not consider propositions that are unsupported by citation to authority. *ITT Educ. Servs., Inc. v. State Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969.

**{10}** In any event, contrary to Nance's assertion, there are not two separate jurisdictional bases for the district court's actions in this case. Rather, the district court's jurisdiction at all times arose out of a single proceeding: the MVD appeal from the administrative hearing. Nothing in that appeal converted the appellate case into an original jurisdiction case including with regard to the motion for disqualification. Consequently, Nance's failure to file a proper petition for writ of certiorari on the MVD case is fatal to our jurisdiction to review any aspect of his case, including the

motion to recuse. We conclude that the district court properly entered the order denying the motion to excuse within the scope of its appellate capacity and that it was not separately exercising its original jurisdiction at any time during the course of the proceedings below. Because Nance should have filed a timely petition for writ of certiorari pursuant to Rule 12-505, and failed to do so, we have no jurisdiction to consider Nance's arguments on appeal.

{11}     We briefly address the cases upon which Nance relies to establish that a district court may exercise its original and appellate jurisdiction at the same time. At the outset, we note that Nance does not explain how these cases have any bearing here except to cite them and state that the district court was exercising its original jurisdiction when it considered the motion to excuse. Nonetheless, the cases holding that the district court exercised its original jurisdiction in an otherwise appellate proceeding are distinguishable from the present matter based on the procedural posture of those cases. In *Maso*, for example, the appellant appealed the revocation of his driver's license to the district court on the basis that the failure to serve him with a Spanish-language notice constituted a denial of due process. 2004-NMCA-025, ¶ 12. We first noted that the MVD can only consider certain issues in a revocation proceeding and that it cannot adjudicate constitutional questions. *Id.* Because the district court had "fully considered the parties' arguments on the due process issue, unconstrained by the statutory limits on appellate review[,]" we construed the

appellant's appeal to the district court in the nature of a petition for a writ of mandamus thus invoking the original jurisdiction of the court. *Id.* ¶ 15. Similarly, in *Los Chavez Community Ass'n*, we concluded that the district court exercised its original jurisdiction when it ruled that a commissioner's refusal to recuse herself from voting on a proposed residential zoning change, when her first cousin was one of the applicants, violated the petitioner's due process right to a fair and impartial tribunal. 2012-NMCA-044, ¶¶ 1-2, 11. And in *Victor v. New Mexico Department of Health*, we likewise held that constitutional challenges that exceed the scope of a hearing officer's review are subject to the original jurisdiction of the district court and that the appellant there was not required to file a separate civil complaint to invoke the district court's jurisdiction. 2014-NMCA-012, ¶¶ 24-25, 316 P.3d 213. All of the above cases have one thing in common—the appellant in each case raised due process concerns on appeal to the district court that the administrative body lacked authority to consider. Consequently, those constitutional challenges were subject to the original jurisdiction of the district court. Nothing in the above cases provide that once the district court is sitting in its appellate capacity, some pleadings are subject to the court's original jurisdiction while others are not. To be clear, all matters raised within the context of a district court's appellate jurisdiction are subject to the same jurisdictional basis on which the action is grounded.

9

{12}    In sum, the procedure to be used when a party seeks to appeal to this Court from a decision on any motion, including a motion to excuse a judge, who is exercising only appellate jurisdiction over an administrative appeal, is a petition for writ of certiorari. And as we have previously stated, "any uncertainty about whether review in this Court should be had as an appeal as of right or pursuant to discretionary review can always be addressed by filing both a timely notice of appeal in the district court and a timely petition for writ of certiorari in this Court." *Wakeland v. N.M. Dep't of Workforce Sols.*, 2012-NMCA-021, ¶ 26, 274 P.3d 766. Nance's request for review of the motion to excuse by this Court is denied and the appeal is dismissed.

**CONCLUSION**

{13}    For the foregoing reasons, Nance's appeal in this matter is dismissed.

{14}    **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**STEPHEN G. FRENCH, Judge**