This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JANI DAVIS,**

Plaintiff-Appellant,

v.                                                                                  **NO. A-1-CA-36477**

**TOWN OF TAOS, HUMAN RESOURCES DIVISION,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeff McElroy, District Judge**

Alan Maestas Law Office, P.C.
Alan H. Maestas
Kathryn J. Hardy
Taos, NM

for Appellant

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Edward R. Ricco
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}      Plaintiff Jani Davis appeals from the district court's order affirming the decision of an independent hearing officer, upholding the decision of the Town Manager to terminate Davis from her employment as a Sergeant with the Taos Police Department. We issued a notice of proposed summary disposition in which we proposed to dismiss. In response to this Court's notice, Davis filed a memorandum in opposition and the Town of Taos filed a memorandum in support. We have duly considered the responses, and for the reasons stated in the notice of proposed disposition and in this opinion, we dismiss.

{2}      In our notice of proposed disposition, we suggested that Davis should have filed a petition for writ of certiorari in accordance with Rule 12-505 NMRA instead of a notice of appeal under Rule 12-201 NMRA. [CN 2] We noted that our Court has previously held that a non-conforming document will be accepted as a petition for writ of certiorari if the document provides sufficient information to address the petition on its merits, but it must still be filed timely. [CN 3] *See Wakeland v. N.M. Dep't of Workforce Solutions*, 2012-NMCA-021, ¶¶ 18-22, 274 P.3d 766 (holding that while a non-conforming document will be accepted as a petition for writ of certiorari so long as it provides sufficient information to assess its merits, this Court will not excuse the untimely filing of the non-conforming document absent a showing of the kind of unusual circumstances that would justify an untimely petition). In this case, we proposed to conclude that we could not construe Davis's notice of appeal or docketing

2

statement as a timely non-conforming petition for writ of certiorari. [CN 3-5] Therefore, we proposed to dismiss. [CN 5]

{3} In response, Davis argues that it was unclear whether she was required to file a notice of appeal or a petition for writ of certiorari. [MIO 2-5] She further asserts that the district court did not dismiss her appeal even though she erroneously filed a notice of appeal under Rule 1-074 NMRA instead of a petition for writ of certiorari under Rule 1-075 NMRA. [MIO 3] Davis also contends that this Court has discretion to consider untimely appeals and there is a strong policy to review appeals on their merits. [MIO 5-8] Lastly, Davis argues that, because the district court applied a de novo standard of review of the legal issue before it, she believed the district court was exercising its original jurisdiction instead of its appellate jurisdiction, thereby causing her to believe that she was to file a notice of appeal instead of a petition for writ of certiorari in this Court. [MIO 8-9]

{4} In its memorandum in support to our notice of proposed dismissal, the Town of Taos notes that it had pointed out in its statement of review issues below that Davis should have filed a petition for writ of certiorari in the district court under Rule 1-075 instead of a notice of appeal under Rule 1-074 [MIS 1 (citing RP 1278 n.1)]; this point was raised again at oral argument in the district court [MIS 1 (citing MIO 3)]; and Defendant acknowledged that the appeal to the district court should have been brought pursuant to Rule 1-075 instead of Rule 1-074 [MIO 1 (citing MIO 3)]. Thus, the Town

of Taos contends that Davis had no excuse for failing to follow the procedures for seeking further review in this Court under Rule 1-075. [MIS 1] *See* Rule 1-075(V) ("An aggrieved party may seek further review of an order or judgment of the district court in accordance with Rule 12-505 NMRA of the Rules of Appellate Procedure."). The Town of Taos also points out that appeals to this Court under Rule 1-074 must be sought "in accordance with Rule 12-505." [MIS 2] *See* Rule 1-074(V). Similarly, Rule 12-505 provides that it "governs review by the Court of Appeals of decisions of the district court . . . from administrative appeals under Rule 1-074 . . . and from constitutional reviews of decisions and orders of administrative agencies under Rule 1-075." [MIO 2] Additionally, the Town of Taos argues that "[t]he fact that legal issues subject to a de novo review are presented in an administrative appeal does not signify that the district court is exercising its original jurisdiction[.]" [MIO 4]

**{5}** We conclude that, regardless of the fact that Davis raised her first appeal to the district court under Rule 1-074, the present appeal is governed by Rule 12-505, in which the proper method to seek discretionary review is through a petition for writ of certiorari. Where a petition for writ of certiorari is filed late, the petitioner must show that "unusual circumstances" exist, which were beyond the control of the petitioner, that would allow this Court to excuse the late filing. *See Audette v. Montgomery*, 2012-NMCA-011, ¶ 7, 270 P.3d 1273; *Wakeland*, 2012-NMCA-021, ¶ 20; *Bransford-Wakefield v. State Taxation and Revenue Dep't*, 2012-NMCA-025, ¶ 9, 274 P.3d 122.

Such unusual circumstances might include court error that causes the party to miss the deadline, or an unusual delay in the postal service that causes a timely-mailed pleading to arrive after the deadline. *See, e.g., Trujillo v. Serrano*, 1994-NMSC-024, ¶ 16, 117 N.M. 273, 871 P.2d 369; *Schultz v. Pojoaque Tribal Police Dep't*, 2010-NMSC-034, ¶ 21, 148 N.M. 692, 242 P.3d 259. Davis has not demonstrated that such circumstances exist in this case.

{6}     "Simply being confused or uncertain about the procedure for seeking review" does not constitute an unusual circumstance sufficient to allow this Court to excuse the late filing. *See Wakeland*, 2012-NMCA-021, ¶ 25. Moreover, our Supreme Court has warned that "[c]ounsel should not rely on the court's munificence when filing notices of appeal" and that only "the most unusual circumstances beyond the control of the parties—such as error on the part of the court—will warrant overlooking procedural defects." *Trujillo*, 1994-NMSC-024, ¶ 19.

{7}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we dismiss.

{8}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**

5

_____

**LINDA M. VANZI, Chief Judge**

_____

**M. MONICA ZAMORA, Judge**